MILNER LOWRY, *et al.*,

*v.*

JAMES H. HARRIS, *et al.*

A summons in a civil action is not process within the meaning of Art. 6 sec. 14 of the Constitution of this State.

If it appears from the face of the complaint that there is a defect of parties to the action, the objection must be taken by demurrer; if such defect exists, but does not appear on the face of the complaint, the objection must be taken by answer, and if such objections are not thus taken they are waived.

If an original bill is wholly defective and there is no ground for proceeding upon it, it cannot be sustained by filing a supplemental bill founded upon

matters which have subsequently taken place, but if the original bill is sustainable, and the supplemental bill only enlarges the extent and changes the kind of relief, the latter may be sustained.

If the original bill is wholly defective, and the supplemental bill sets up a title vesting in the plaintiff subsequent to the commencement of the action, objection on that ground must be taken by objection to the filing of the supplemental bill, or by demurrer; if not so taken, but answer is made, the objection is waived, and the defect cannot be taken advantage of on the trial by objecting to the evidence.

A deed executed in another State, according to the laws thereof, in presence of one witness, but with a certificate of acknowledgment so defective as not to be entitled to record here, as between the parties thereto passes at least, the equitable estate in the premises to the grantee.

Where S. by his attorney in fact, H. executes a deed to L., and the power of attorney under which H. acts is defective in the certificate so as not to entitle it to record here, and the deed so executed, and the act of the attorney in fact, are subsequently ratified by deed of the principal, and by parol on the trial without objection, the ratification relates to the act performed by the attorney, and to the time of its performance.

The record of a power of attorney not entitled to be recorded, in the absence of any statutory law making it evidence, is not competent evidence.

Where chief interrogatories and answers in a deposition are read in evidence by the plaintiff, he may read the cross interrogatories and answers in evidence if the defendant declines to do so.

Where a deed is not entitled to be on record, the record of such deed is not evidence as a conveyance or otherwise.

Where a statement is made by a witness and it appears distinctly that the knowledge of the fact stated by him is based upon a letter, which is not accounted for, written to the witness or the firm of which he is a member, the letter is the best evidence, and the statement by the witness is not competent.

The fact that an interrogatory and answer in a deposition are excluded for any sufficient reason, as a general rule, is no ground for excluding the whole deposition.

When an interrogatory and answer are clearly incompetent, and are withdrawn without objection, it is no ground for excluding the whole deposition.

It is not competent for a witness to state his mere supposition of a fact, nor to state the intention of the parties to a deed in executing it.

To render the admission of an agent admissible against his principal, the agency must first be established, and the admission must have been made as part of the *res gestæ*.

Although there may be competent evidence in a case sufficient to sustain the finding of the court below on the facts, yet, if improper evidence which might have influenced the decision of the court is received, a new trial will be granted.

This action was commenced in June, 1860, by William D. Lowry, in the district court for Olmsted county, against James H. Harris and Samuel R. Woodbury. The plaintiff, William D. Lowry, dying during its pendency, the children of the deceased (present plaintiffs) were substituted parties plaintiffs. The allegations of the complaint are substantially, that on the 10th day of November, 1855, the defendant, Samuel R. Woodbury, being the owner and seized in fee of certain lands in said county therein described, sold and agreed to convey the undivided one-fourth part of said lands to George S. Harris, Wm. W. Cowles, John Williams and David Loring, partners doing business in Boston, Mass., under the name of Harris, Cowles & Co.; that in pursuance of said contract, said Woodbury with his wife on that day executed a warranty deed of said one-fourth part of said lands to said Harris, Cowles & Co., and to the defendant James H. Harris, as one of the grantees, which was duly recorded; that on the same day said defendant, Woodbury, sold, and with his wife conveyed the remaining three-fourths of said land to said Wm. D. Lowry; that at the time of said purchase by Harris, Cowles & Co., the negotiations on their part were carried on through one S. V. R. Harris, who acted as their agent; that there was a parol understanding prior to said negotiations, that said defendant, James H. Harris was to be united in said purchase, he paying one-fifth of the purchase money and receiving a one-fifth interest in the lands purchased; that said S. V. R. Harris assumed also to act as agent of defendant James H. Harris, who was not present, and caused his name to be inserted in the deed from said

Woodbury and wife; that when said defendant James H. Harris heard of said purchase, he repudiated it, and denied the authority of said S. V. R. Harris to act for him in the premises, and refused to take anything under said deed; denied his liability to pay the purchase money, and has never paid the same or any part thereof, and has never until within the last two years, put forth or asserted any claim to any portion of said premises; that the said Harris, Cowles & Co., on being informed of said purchase, and of the refusal of said defendant, James H. Harris, to be bound thereby, adopted and ratified the same as a purchase by themselves, and paid the entire consideration therefor, and that they and those succeeding them in interest, have made valuable improvements on the premises so purchased; that in February, 1856, at South Bend, Indiana, the defendant Harris being about to start for California, executed to said S. V. R. Harris, an instrument in writing by which he constituted said S. V. R. Harris his attorney, and intended to give him full power in due form of law, to transact all business for him in the State of Minnesota, which he himself might do, including the power to release his nominal interest in said lands acquired through said deed from said Woodbury; that said S. V. R. Harris, acting under the authority which he supposed said instrument conferred, executed in the name of said James H. Harris, a quit claim deed of said premises to said Harris, Cowles & Co., who received the same, believing it to be valid, and that said James H. Harris supposed the same to divest him of any interest or seeming interest in said lands; that said instrument was not executed in accordance with the laws of the State of Minnesota in that behalf, and was otherwise defective; that on the 14th day of April, 1856, said David Loring sold and conveyed his interest in said lands to said George S. Harris, Wm. W. Cowles and John Williams, and one Richard

B. Smith; that on the 15th day of April, 1856, said George S. Harris, Wm. W. Cowles and John Williams, sold and conveyed their interest in said lands to said Richard B. Smith; that on the 7th day of June, 1856, the said Wm. D. Lowry and the said Richard B. Smith, duly surveyed, laid out and platted said lands into lots, blocks, &c., as a town, named the town of Rochester, and on the 10th day of June in that year made partition of said lands, the said Smith releasing and quit claiming to said Lowry the portion of said lands set apart to him in said partition, and the said Lowry releasing and quit claiming to said Smith the portion of said lands set apart to him in said partition; that said Lowry since said partition, has sold to divers parties various lots and blocks so quit claimed and released to him, and conveyed the same with full covenants of warranty; that said Lowry still owned and was in possession of other lots so released and quit claimed to him; that by reason of the said defects in the said power of attorney, and by reason of the said deed from said Woodbury to said Harris, Cowles & Co., and James H. Harris, being recorded as aforesaid, the records show a seeming and apparent title in defendant James H. Harris, to an interest in said premises set apart to Wm. D. Lowry in said partition, constituting a cloud on plaintiffs' title. The complaint prays that said cloud may be removed, &c.

The defendant Woodbury, does not appear in the action. The answer of the defendant Harris, admits the title to have been in Woodbury and the sale to Wm. D. Lowry, as alleged; alleges that he (defendant Harris) purchased with said Harris, Cowles & Co., the undivided one-fourth part of said lands which were conveyed to them; denies that he repudiated the purchase; admits that he has not yet paid the consideration, but alleges that George S. Harris paid some portion thereof for him; denies the other allegations of the complaint on

information and belief; claims an interest in the premises, and insists that the several grantees of said Wm. D. Lowry should be made parties to the action.

Upon application to the court and leave granted, the plaintiffs filed a supplemental complaint, in which it is alleged that since the commencement of this action, and about April 22, 1863, Richard B. Smith and Abbie, his wife, and David Loring, executed a quit claim deed to Wm. D. Lowry, by which they quit claimed and released all their interest in and to the said lands; that such deed was made in aid of the legal title of the said Wm. D. Lowry, and in confirmation of the previous conveyances, to cure certain defects therein which are designated, for the perfection of said legal title to said premises, to which the previous equity existed in favor of said Lowry, &c.

The defendant Harris, answers the supplemental complaint, denying upon information and belief each allegation thereof.

A jury trial was waived and the action tried before the court. Upon the trial, defendant Harris objected to proceeding therein on the ground that the defendant Woodbury had not been served with process, the summons served being defective in that the style thereof, was not "The State of Minnesota;" the court overruled the objection, the defendant Harris excepted, and the trial proceeded. It was admitted that Wm. D. Lowry, deceased, left him surviving, Elmira C. Lowry, his widow, as well as the children substituted plaintiffs; the defendant Harris then objected to proceeding with the trial, upon the ground that said Elmira C. Lowry was not made a party to the action; the court overruled the objection and defendant Harris excepted.

The plaintiffs after having read in evidence without objection the record of the deed from defendant Woodbury and wife to Harris, Cowles & Co., and James H. Harris, of

November 10, 1865, which is designated "Exhibit A," and conveys one undivided one-fourth of said lands; and the record of the deed from said Woodbury and wife to said William D. Lowry, of the same date conveying the remaining three-fourths of said lands, offered in evidence the record of a deed from James H. Harris, by S. V. R. Harris, his attorney in fact, purporting to convey his interest in said lands to Harris, Cowles & Co., which was objected to by defendant Harris upon the following, among other grounds, "that no proof has been given of the execution of a power of attorney to S. V. R. Harris, authorizing him to convey defendant James H. Harris' real estate." The plaintiffs by their counsel then stated to the court that they offered the record, not as conveying any interest in the land, but as tending to establish the fact that defendant Harris took no interest under the deed marked "A," and as showing his understanding to that effect at that time, and as tending to show that the allegations of the complaint respecting the non-acceptance and repudiation by James H. Harris of, and his non-acquirement of any title under deed designated "Exhibit A," are true, taken in connection with the offer to show that S. V. R. Harris was the agent of James H. Harris in the transaction of his business. The court overruled the objection, the evidence was admitted and defendant Harris excepted. The plaintiffs then read in evidence the record of a deed from Geo. S. Harris, Wm. W. Cowles and John Williams to Richard B. Smith, dated April 15, 1856, conveying their interest in said lands to said Smith. The plaintiffs then offered in evidence a deed from Richard B. Smith and Abbie W. his wife, and David Loring to Wm. D. Lowry, dated April 22, 1863. This deed recites that previous to the 14th day of April, 1856, the above named Loring with George S. Harris, Wm. W. Cowles and John Williams, were the own-

ers of the undivided one-fourth part of said lands (described in the complaint) and on that day said David Loring conveyed his interest therein to said Harris, Cowles and Williams, and one Richard B. Smith, and the conveyance, though executed according to the laws of the State of Massachusetts, did not have the proper certificate thereto to entitle it to record in the State of Minnesota, and that said Smith and Lowry afterwards becoming the owners of the whole of said lands, had them surveyed and laid out into lots, &c., and made partition of the said lands, the said Richard B. Smith conveying his interest in the land set apart to said Lowry in said partition to said Lowry, and that for the purpose of perfecting the title of said Lowry to the lands conveyed to him by the deed of partition they convey their title, interest, &c., in and to the same describing them. The defendant objected to the reception of this deed in evidence, on the ground " that it does not tend to prove the plaintiff's ancestor, William D. Lowry, had a cause of action when he commenced this suit, but tends to show only that he bought in a cause of action long after this suit was instituted." The court overruled the objection, received the evidence, and the defendant Harris, excepted. The plaintiffs offered in evidence the original deed from David Loring and Mary H. L., his wife, to Geo. S. Harris, William H. Cowles, John Williams and Richard B. Smith. This deed purported to convey the interest of Loring and wife in said land, but was executed in the presence of but one witness as to Loring. The acknowledgment purported to be taken before a Justice of the Peace; the venue was " Suffolk—ss., Boston." There was a certificate of the clerk of a court of record attached to it certifying that _he believed_ it was executed according to the laws of the Commonwealth of Massachusetts. The defendant Harris objected to the reading of the deed in evidence; the court overruled

Lowry et al. v. Harris et al.

the objection, defendant Harris excepted, and the deed was read in evidence. Plaintiffs offered to read in evidence from the records of Olmsted county, the record of a power of attorney from Richard B. Smith to Geo. S. Harris, dated May 19, 1856. The power of attorney purported to be acknowledged in the State of Massachusetts, before a Justice of the Peace, but had no certificate from the proper officer that it was executed according to the laws of Massachusetts. The defendant Harris objected to its reception on the ground that it was not executed so as to entitle it to record. The objection was overruled and the record received in evidence. The deed of the partition of said lands from Richard B. Smith, executed by George S. Harris under said power of attorney to Wm. D. Lowry, dated June 10, 1856, was received in evidence without objection. The plaintiffs offered in evidence the record of the plat of the town of Rochester, executed by Wm. D. Lowry and by Richard B. Smith, by Geo. S. Harris, his attorney in fact, which was received under objection. Several exceptions among others, were taken by defendant Harris to the rulings of the Court on the reception of testimony contained in certain depositions offered in evidence by plaintiffs, which fully appear in the opinion of the court. The court below found the facts substantially as alleged in the original and supplemental complaints, and ordered judgment for plaintiffs, which was entered.

Defendant Harris appeals to this court.

CHARLES C. WILSON, for Appellant.

E. A. McMAHON, for Respondents.

*By the Court*—McMILLAN, J. The objection to the summons served upon Woodbury, the co-defendant of the appellant in this case, if in any event available to the appellant, is

not well founded. It has already been determined that a
summons is not process within *Sec.* 14, *Art.* 6 *of the Constitution* of this State. *Hanna et al vs. Russell ante page* 80.

It may be necessary to the entire relief sought by the plaintiffs, that the widow and administratrix be made a party to
this action, and the grantees of Lowry would perhaps be
proper parties to the action. As to the latter, if they are necessary parties it so appears on the face of the complaint; as
to the former it does not so appear. Under such circumstances, the objection as to the widow and administratrix must be
taken by answer, and as to such grantees by demurrer, which
is not done in this instance; the objection here being taken
in first instance as to the widow and administratrix on the
trial of the cause, and as to the grantees, if at all, by answer.
*Gen. Stat. Ch.* 66, *Sec.* 78; *Stratton vs. Allen & Chase,* 7
*Minn.,* 502; *Tapley vs. Tapley,* 10 *Minn.,* 456; *Zabriski vs.
Smith,* 3 *Kernan,* 336; *Bagget vs. Boutgers,* 2 *Duer,* 160.
While however the objection must be overruled, it is for the
plaintiff to consider how far the extent of the relief sought in
the action may be affected by the non-joinder of the parties
mentioned or either of them.

The other objections may be embraced under two general
divisions; (1) exceptions to the admission of evidence, (2) to
the findings of the court upon the evidence. For greater convenience we shall consider the exceptions to the evidence going first to establish the chain of title relied on by the plaintiff, to the premises mentioned in the complaint; and second
to the legal effect of the deed "Exhibit A." so as to deprive
the appellant James H. Harris of any interest in the premises
by virtue thereof and his title thereunder.

It is admitted by the pleadings that on the 10th day of
November 1855, Samuel R. Woodbury one of the defendants
—but by whom no answer is interposed—was the owner and

seized in fee of the south-east quarter of section thirty-five, in township 107, north of range 14 west, containing 160 acres, situated in the County of Olmsted.　It is established beyond doubt, that on the day last mentioned Woodbury and wife executed a deed to "Harris, Cowles & Co. and James H. Harris" for the undivided one-fourth part of one hundred and forty-one and one-fourth acres of said quarter section, by metes and bounds, particularly set forth in the complaint, and on the same day Woodbury and wife conveyed by warranty deed to William D. Lowry, the plaintiff, the undivided three-fourths of the premises last mentioned.　That at the time of the first conveyance mentioned, the firm of Harris, Cowles & Co. was a business firm in Boston, Mass., consisting of George S. Harris, William W. Cowles, John Williams and David Loring.　It also appears from the evidence, without objection, that on the 15th of April 1856, Geo. S. Harris, William W. Cowles and John Williams conveyed by deed their interest in said premises to Richard B. Smith.　The plaintiffs then offered in evidence a deed from Richard B. Smith and David Loring and Abbie W. Smith to William D. Lowry, dated April 22d, 1863, recorded in book M of deeds, page 304, to which the appellant excepted on the ground that it does not tend to prove a title in the plaintiff's ancestor at the commencement of this action, but a cause of action substituted long after the action was instituted.

The plaintiff in his complaint relies for a chain of title, among other conveyances, upon the deed from Loring and wife to Harris, Cowles, Williams and Smith, dated 14th of April, 1856, and upon the deed of Richard B. Smith, by Geo. S. Harris his attorney in fact, to Lowry, dated June 10, 1856. The deed from Loring and wife was executed in presence of but one witness as to Loring, and is materially defective in the certificate of acknowledgment.　The power of attorney

from Smith to Harris, under which Harris executed the deed from Smith to Lowry, was defective in the acknowledgment, and was not entitled to record on that account. To cure these defects, the deed of April, 22d 1863, from Smith and wife and Loring to Lowry was made. This deed was set up in a supplemental complaint, and recites these, among other conveyances, and the defects therein, and that it was made to cure these defects, and in aid of the legal title of the plaintiff, and in confirmation of said previous conveyances, and for the perfection of the legal title thereto, and to the premises to which the previous equity existed in favor of said Lowry in his life, and which vested in these plaintiffs at his death, and that the deed is material in evidence for these purposes, &c. To this supplemental complaint the defendant answered, denying the allegation on information and belief.

The deed of David Loring and his wife, who is since deceased, of 14th, April 1856, marked "Exhibit K," having but one witness as to his signature, and being materially defective in the certificate of acknowledgment, was not entitled to record; but whatever may have been its effect as to third parties, we think as between the parties to the deed, if the *title* did not pass, at least the *equitable interest* in the premises passed to the grantee. It is this equitable title which is sought to be strengthened and aided by the legal title to the premises. This it was competent to do. If an original bill is wholly defective, and there is no ground for proceeding upon it, it cannot be sustained by filing a supplemental bill founded upon matters which have subsequently taken place; but if on the other hand the original bill is sustainable, and the supplemental bill only enlarges the extent and changes the kind of relief, the latter may be sustained. *Jaques vs. Hall and others,* 3 *Gray,* 194, *and authorities cited;* 2 *Danl. Ch. Pl. & Pr. 3 Am. Ed.,* 1594, *n.* 2.

The conveyance from Richard B. Smith, by George S. Harris his attorney in fact, to Lowry June 10, 1856, was defective by reason of the fact that the power of attorney from Smith to Harris was not properly acknowledged so as to entitle it to record, or make the record of it evidence. This is a question of evidence. Harris in this deed purports to act as the attorney in fact of Smith, and whatever defect exists in the agency, the act of the defendant is expressly ratified by the principal, the ratification being established both by deed and parol evidence. Under these circumstances the ratification relates to the time of the performance of the act of the agent.

But there is another ground still which applies to both these instruments and must result in overruling the objections to the admission of the deed offered, as evidence. The supplemental bill in connection with the original bill clearly alleges a valid and legal title to the premises in the plaintiffs. Even if the original bill was wholly defective, and the supplemental bill set up a title vesting in the plaintiffs subsequent to the commencement of the action, objection thereto on that ground must be taken by demurrer to the supplemental bill, or objection to its being filed, otherwise it is waived. Having answered the supplemental bill without objection, and not having demurred, it is too late to take advantage of it on the trial by objecting to the evidence. *Pinch vs. Anthony and others*, 10 *Allen*, 474, *and authorities cited; Story's Eq. Pl.*, 4th Ed., Sec. 528, n. 2, page 545.

The plaintiffs then offered in evidence the *record* of a power of attorney from Richard B. Smith to Geo. S. Harris, dated May 19, 1856, in book A of bonds on page 65, which was objected to by the defendant on the ground that the instrument is not so executed as to entitle it to record. The objection was well taken and should have been sustained; the record

was not admissible. Subsequently the plaintiffs offered in evidence the deposition of Richard B. Smith. To the fourth interrogatory, and the answer thereto, the defendant Harris objected, and the answer to this interrogatory and the exhibit were excluded by the Court. The other chief interrogatories and the answers thereto were read in evidence. The defendant Harris declined to offer or read in evidence the cross interrogatories and answers thereto; whereupon the plaintiffs offered to adopt and read them in evidence in the case, to which the defendant objected. The Court overruled the objections, and the cross interrogatories and answers thereto were read, to which ruling the defendant excepted. Whether any portion of the cross interrogatories might have been withdrawn or excluded at the defendant's instance, we need not stay to inquire, the objection here goes to the whole of the cross interrogatories, and is based upon the theory that the party cross-examining can alone control the cross interrogatories and answers. The ruling of the Court upon this objection was clearly correct, and the exception must be overruled.

The plaintiffs then offered in evidence the *original deed* from David Loring to Geo. S. Harris, William W. Cowles, John Williams and Richard B. Smith, which was objected to by the defendant Harris: 1st, that it is attested by but one witness; 2d, there is no venue to the acknowledgment; 3d, the certificate of magistracy attached is not made by a proper certifying officer, or 4th, the certificate is on belief only as to execution, according to the laws of Massachusetts. The Court overruled the objections, to which the defendant excepted. This is one of the conveyances set up in the complaint, and mentioned in the deed from Loring and Smith to Lowry. The latter deed was expressly given, among other things, to cure the defects in the former; the reasoning applicable to the deed from Loring and Smith already considered, applies with

equal force here; the deed was properly received in evidence.

The paper book contains only the certificate of the survey and platting by the proprietors, and the certificate of acknowledgment of the within plat. So far as the form of these certificates is concerned, we see no objection to them, but presume the objection to the reception of the plat is based upon the fact that it was executed and acknowledged by Geo. S. Harris, as attorney in fact for Richard B. Smith, one of the proprietors. This is in the same position with the deed of partition from Smith, by his attorney in fact Harris, to Lowry, and is affected in the same manner by the deed of 22d April, 1863, from Richard B. Smith, and wife, and David Loring to Lowry, and is admissible as evidence on the same grounds.

To the deed from Richard B. Smith to William D. Lowry, dated June 10th, 1856, marked "Exhibit M," there was no objection. So far, therefore, as the evidence establishing a chain of title in the plaintiffs, exclusive of the question arising out of the validity of the deed to the defendant Harris, notwithstanding the erroneous rulings noticed, there is no ground for a new trial.

This brings us to a consideration of the evidence affecting the deed from Woodbury and wife, to "Harris, Cowles & Co., and James H. Harris," and the interest of James H. Harris thereunder. This is the important issue involved in this action. The plaintiffs offered in evidence the *record* of a deed from James H. Harris, by S. V. R. Harris, his attorney in fact, to Harris, Cowles & Co., book A of deeds, on page 321, to which the defendant Harris objected on various grounds, among others, that there was no proof of the execution of a power of attorney to S. V. R. Harris authorizing him to convey defendant Harris' real estate. The plaintiffs' counsel stated that they offered the record, not as conveying any interest in the land, but as tending to establish the fact

that defendant Harris took no interest under the deed marked "A," and as showing his understanding to that effect at that time, and as an item of evidence tending to show that the allegations in the complaint respecting the non-acceptance and repudiation by James H. Harris, and his non-acquirement of any title under deed marked "A" are true, taken in connection with the offer to show that S. V. R. Harris was agent for James H. Harris in the transaction of his business. The court overruled the objections and admitted the evidence. This was clearly erroneous. The instrument was only entitled to be on record as conveying or affecting some interest in real estate, and unless the authority of the attorney in fact is established, the record of the deed is not evidence for any purpose.

The plaintiffs offered in evidence the deposition of George S. Harris. To the thirteenth interrogatory, and the answer thereto, the defendant Harris objected as leading, and as calling for the contents of written instruments and letters, and that it is hearsay. The interrogatory and answer are as follows:

"Did or did not James H. Harris decline and refuse to have any interest in said purchase from Woodbury, or the property thereby acquired, and did not you or the other members of the firm of Harris, Cowles & Co. learn from James H. Harris himself, by letter from him or through S. V. R. Harris, that he did decline to receive title or to be a party to the purchase, and if from the latter, did said S. V. R. Harris purport to act as the agent of said James II., getting him exonerated from any liability in said purchase. State fully and at large the facts, and your means of knowledge?"

To the thirteenth interrogatory he saith:

"Yes, he, James H. Harris, declined to have any interest in said purchase. I have always understood it so since the

purchase was made. By a letter from James H. Harris, either to me or to the firm, I don't remember which, he declined to have any interest in the negotiation as made by S. V. R. Harris. I don't remember whether S. V. R. stated it in his letters or not. I presume he did. S. V. R. Harris purported to act as agent of James H. Harris in the transaction. I don't remember of his doing anything in getting him exonerated from any such liability. They were both in Minnesota and I was here (Boston)."

The court overruled the objections, and the evidence was admitted, to which ruling the defendant excepted. The ruling was erroneous. The answer is clearly based upon a letter from the defendant to the deponent, or the firm of which he is a member. The letter is the best evidence, and is the only competent evidence of the fact, in the first instance.

To the fourteenth interrogatory, and the answer thereto, the defendant Harris objected that it attempts to prove conveyances and written instruments by parol, and as containing hearsay, and is not the best evidence of the matters sought to be proved. The interrogatory and answer are as follows: " State what acts the members of the firm of Harris, Cowles & Co., did in treating the purchase from Woodbury, as exclusively their own purchase, and as freed from any interest held by James H. Harris, and whether said property was subsequently so treated, and by what acts, and was the property by them conveyed to Richard B. Smith, or to other persons ?" To the fourteenth interrogatory he saith : "They paid for it. Whether James H. had given his quit claim deed of his interest in the property before he paid for it or not, I don't remember. The firm afterwards put the said property in the name of R. B. Smith, one of said firm, as a matter of security or convenience in getting deeds or making

sales." The objections were overruled and the defendant excepted. The fact of payment was legitimate to be shown; the answer so far as it goes to show a conveyance to R. B. Smith would not be competent, but as that fact appears by other competent evidence in the case, the admission of this answer could not be ground for a new trial, and the same answer may be given to exceptions taken to admission of the fifteenth interrogatory and the answer thereto.

To the sixteenth interrogatory, and the answer, and the whole deposition, the defendant objects that the answer is not responsive, and states the opinions of the witness and his understanding, instead of facts. The court excluded the interrogatory and answer, but overruled the objection as to the entire deposition. The fact that an interrogatory and answer are excluded for any sufficient reason, as a rule, is no ground for excluding the whole deposition, and there is nothing in this case to make it an exception. *Bank of Penn.*, *vs. Union Bank of New Nork*, 11 *N. Y. Rep.*, 203.

The eighteenth interrogatory, and the answer thereto, were then withdrawn by the plaintiffs as inadmissible. The defendant Harris then moved to exclude the whole deposition on the ground that he was entitled to have the answer correctly given to this interrogatory, and no proper answer being given, the whole deposition should be excluded. The Court overruled the objection, to which the defendant Harris excepted. The object of the eighteenth interrogatory was to identify the original power of attorney from Richard B. Smith to Geo. S. Harris, and to attach it as an exhibit to the deposition, or to prove its loss, and identify a copy for evidence. The answer did not prove the loss of the original, and of course no ground was laid for secondary evidence. The answer given, so far as it relates to the secondary evidence of the power of attorney, was clearly inadmissible, and

although the first part of the answer. may have been admissible to show that the loss of the original instrument was not proved, yet, as it was only a ground for admitting the secondary evidence, which was withdrawn, we are unable to see that the defendant was injured; at any rate, it was not a ground for excluding the whole deposition.

To the nineteenth interrogatory, and the answer thereto, the defendant Harris objected that the answer is not responsive to the whole interrogatory, and that it and the whole deposition should for that reason be excluded. The court overruled the objection and the defendant Harris excepted. We are unable to discover in what respect the answer is not responsive to the whole interrogatory; the exception is not well taken.

The plaintiffs having offered in evidence the deposition of S. V. R. Harris, the defendant James H. Harris objected to the first part of the answer to the fourteenth interrogatory, and also objected separately to the latter part of the answer to the same interrogatory which states what the witness intended to do by the deed referred to. The interrogatory and answer are as follows:

"Fourteenth—State if it was not a well understood fact between Harris, Cowles & Co., and James H. Harris, that he, James H. was to have no interest in said purchase, or state what was the understanding if you know, and state whether or not in pursuance of an understanding between Harris, Cowles & Co., and said James H. Harris, you did or did not on or about the 18th day of March, 1856, in the name of and on behalf of the said James H., purporting to act as his attorney in fact in the premises, make and execute a quit claim deed to George S. Harris, William Wade Cowles, John Williams and David Loring, comprising or intending to comprise the members of the firm of Harris, Cowles & Co., by

which all the right, title and interest of said James H. in and to the south-east quarter of section thirty-five, (35) town one hundred and seven, (107) north of range fourteen (14) embracing all the land and premises covered by the said deed from Samuel R. Woodbury, in which the name of said James H. was inserted as a grantee?"

To the fourteenth interrogatory he saith: "I suppose it was a well understood fact between James H. Harris, and Harris, Cowles & Co., that he, James H., was to be released from any liability in the purchase. I did on or about the 18th day of March, 1856, in pursuance of an understanding between said Harris, Cowles & Co., through George S. Harris on behalf of the firm, and said James H. Harris, execute (as the attorney in fact of said James H. Harris) a quit-claim deed to Harris, Cowles & Co., by which it was intended to divest said James H. Harris of all interest in and to the land in said interrogatory described." The Court overruled each of the objections and the defendant excepted. Both these exceptions were well taken; it was not competent for the witness to give his supposition of the fact stated, and the answer as to the intention of the parties to the deed was neither responsive nor competent.

The plaintiffs having called Charles H. Lindsley as a witness, in the course of his examination in chief asked the following question: "State what you heard S. V. R. Harris say as to James H. Harris having or not having an interest in this property during the time from May 1856, to November 1857?" Which was objected to by the defendant James H. Harris as calling for hearsay evidence, and that S. V. R. Harris was not the agent of the defendant as to this property.

S. V. R. Harris in answer to the 16th, 17th and 18th interrogatories says, James H. Harris left Minnesota in the winter of 1855–6, for California, and has not been back since; that

he was his agent at that time, and has since continued to act as his agent for all his interests in Minnesota, and that he has no agency touching this purchase, that is the premises in question. To render this evidence competent, the agency must first be established, and the admission must have been made as part of the *res gestae.* 1 *Green Ev. Sec.* 113. The finding of the Court negatives the agency; the admission itself negatives the fact of an existing agency on the part of S. V. R. Harris; and whatever may be said with reference to the deposition of the defendant James H. Harris on this point, it is very manifest that S. V. R. Harris did not act as the agent of the defendant Harris in respect to this property, after the execution of the deed, and therefore the admission or declaration could not have been made as the agent of the defendant, nor could the testimony be received on the ground of S. V. R. Harris' agency in the negotiation for the purchase; for it purports to have been made long subsequent to that event, and could not be a part of the *res gestae.* This testimony was therefore incompetent and should have been excluded.

This comprises the exceptions taken by the defendant on the trial of the cause. It will be seen that the testimony which was improperly received affecting the defendant's title in the cause, was of an important character, and upon a vital issue; of this character is the quit-claim- deed from the defendant by S. V. R. Harris as his attorney in fact; the answer of Geo. S. Harris to the 13th interrogatory in his deposition; the testimony of Charles H. Lindsley. Assuming that there is in the case competent evidence sufficient to justify the finding of the Court in the case, yet in view of the character and amount of the testimony thus improperly received, it is impossible for this Court to say that the mind of the Judge below, who tried the cause, was not influenced by

it, or to what extent he was influenced thereby in the deter-- mination at which he arrived as to the facts in the cause. For this reason the judgment appealed from must be set aside and a new trial granted.