## WILLIAM D. KING and Another v. BOARD OF EDUCATION OF CITY OF MINNEAPOLIS.[1]

January 12, 1912.

Nos. 17,340—(187).

**Eminent domain — appealable order.**

> In a condemnation proceeding, after trial of the question of damages on appeal from the award of commissioners, an order granting a new trial is appealable.

**Order granting new trial — no presumption of exercise of judicial discretion.**

> Where a motion for a new trial is based on excessive damages, appearing to have been given under the influence of passion and prejudice, and that the evidence does not justify the verdict, an order granting such motion, without stating that the evidence does not justify the verdict, will not be presumed to have been the exercise of judicial discretion as to excessive damages.

**Damages not excessive.**

> The amount of the damages is not such that the court can say, as a matter of law, that it is excessive to the extent of indicating that the jury was influenced by passion or prejudice, or that it is not sustained by the evidence.

**Rulings of trial court.**

> No prejudicial errors appear in the rulings at the trial.

William D. King and Lillie E. King appealed to the district court for Hennepin county from an award made and filed by commissioners appointed to award damages for the taking of certain property for

---

[1] Reported in 133 N. W. 1018.

116 M.—28.

an addition to the site of the Central High School building, in the city of Minneapolis. The appeal was tried before Giddings, J., sitting as a judge for the Fourth judicial district, and a jury which returned a verdict in favor of William D. King for $8,131.06. From an order granting a motion of the board of education for a new trial, William D. King appealed. Reversed.

*Arthur M. Higgins,* for appellant.

*Daniel Fish,* City Attorney, and *Henry C. Flannery,* Assistant City Attorney, for respondent.

HOLT, J.

The board of education of the city of Minneapolis, Minnesota, instituted proceedings in court, to acquire the appellant's interest in the southwesterly twenty-four feet of lot 1, in block 20, of Snyder & Company's First addition to the city of Minneapolis for additional ground for the Central High School. The appellant, William D. King, had, twenty-three years prior to the trial, leased the ground and bought and completed a partially erected two-story brick building thereon. The second story, at the time of trial, was rented for flats at $35 per month. The first story and basement was used by defendant as a drug store. He in fact had carried on that business in that location for twenty-three years. When the proceedings were begun, he had a ground lease for fifteen years, running from October 25, 1907, under which he paid $200 rent annually for the first five years, and a reappraisal for the purpose of fixing the rent was provided for at the end of each five-year period. The building, fixtures attached thereto, and heating plants belonged to appellant, and could be removed at the end of the leasehold.

In the proceedings appraisers appointed filed their award, giving $4,000 damages. From this award an appeal was taken, and a jury trial had in the district court, resulting in a verdict of $8,000 for this appellant.

The respondent city moved for a new trial upon the three grounds: (1) Excessive damages, appearing to have been given under the influence of passion and prejudice; (2) errors of law occurring at the trial, excepted to at the time; and (3) that the verdict is not justi-

fied by the evidence, and is contrary to law. Errors were also predicated upon the refusal of the court to strike out certain testimony given by appellant in relation to his damages. The court granted the motion, without specifying upon what ground a new trial was allowed, or indicating that it was done in the exercise of judicial discretion. From this order, appellant prosecutes this appeal.

The respondent makes the point that this order is not appealable under the decisions of McNamara v. Minn. Central Ry. Co. 12 Minn. 269 (388), and Conter v. St. Paul & Sioux City R. Co. 24 Minn. 313. The rule laid down in these cases is contrary to the doctrine advanced in Witt v. St. Paul & N. P. Ry. Co. 35 Minn. 404, 29 N. W. 161, where the court says, concerning condemnation proceedings: "We are of the opinion that when cases of this character are brought into the district court for trial of the issue in respect to the amount of the landowner's damages they should, for the purposes of appeal, be treated as actions commenced in the district court."

If there be any doubt that this is a precedent for holding the order appealable, it should be set at rest by section 2533, R. L. 1905, relating to trial of appeals in condemnation proceedings, wherein it is provided that: "The trial shall be conducted and the cause disposed of according to the rules applicable to ordinary civil actions in the district court."

The motion for a new trial included the two grounds that the verdict is not justified by the evidence, and excessive damages, appearing to be given under the influence of passion and prejudice. The respondent has to concede that this court may not assume that the trial court granted the motion, because, in his discretion, the verdict is not justified by the evidence; but it is contended that where the court, in the exercise of judicial discretion, grants a new trial because of excessive damages, appearing to have been given under the influence of passion or prejudice, it need not be so stated in the order or memorandum.

Ever since the case of Hicks v. Stone, 13 Minn. 398 (434), the salutary rule has been followed that the trial court should exercise a sound discretion in the matter of granting new trials, so as to promote justice between litigants, and the abuse of such discretion only

is for review in this court. New trials and consequent delays are expensive and often vexatious, and should not be granted, unless legal error is made to appear, or the trial court, in the exercise of judicial discretion, deems it advisable in the interest of justice. Litigation should be terminated speedily. As conducive to that end, section 5398 of the Statutes of 1894 (section 4198, R. L. 1905) was amended by chapter 46, p. 51, of the General Laws of 1901, adding this proviso:

"Provided, that when a new trial is granted under the provisions of this section, it shall not be presumed upon appeal that such new trial was granted upon the ground that the verdict, report or decision was not justified by the evidence, unless so expressly stated in the order granting such new trial, or in a memorandum attached thereto."

The litigants should be apprised of the fact, if it be a fact, that the new trial is granted in the exercise of judicial discretion. This will tend to define the position and rights of the parties upon the appeal, and, when it is made to appear that the order is not discretionary, will avoid a retrial of the case, whenever no errors of law occurred at the trial. Otherwise, in every case where damages are awarded by making the motion on the two grounds stated, the purpose of the amendment is defeated, for the claim could always be that the trial court exercised his discretion in regard to the damages, and based the order on that ground, and not on the proposition that the verdict is not sustained by the evidence.

It is also true that in determining whether damages are excessive or insufficient, appearing to have been given under the influence of passion or prejudice, the sufficiency of the evidence on that subject is necessarily considered. And unless as a matter of law, the record discloses excessive or insufficient damages, appearing to have been given under passion or prejudice, the sufficiency of the evidence, viewed from the trial court's vantage ground, is the criterion upon which such court must act in determining whether or not the damages are excessive or insufficient under subdivision 5 of said section 4198, R. L. 1905.

An examination of the record in the case of Matteson v. U. S. &

Canada Land Co. 112 Minn. 190, 127 N. W. 629, 997, discloses that the motion there made upon which a new trial was granted included the two grounds herein considered. The argument pressed in that case on the court was the same now urged, namely, although the court did not state that the order was made because the evidence was deemed insufficient, nevertheless there should be an affirmance, because the court had a right to exercise its discretion with regard to excessive damages without so indicating in the order. This court evidently refused to adopt that view, for the syllabus reads: "Where an order granting a new trial is not accompanied by a memorandum of the trial court, setting forth that the verdict was not sustained by the evidence, it will not be assumed to have been a discretionary order. This rule, however, applies only to the evidence actually adduced at the trial, and not to newly discovered evidence."

We therefore hold that where a new trial, either under subdivisions 5 or 7 of section 4198, R. L. 1905, is granted in the exercise of judicial discretion, the order or memorandum should so indicate.

The evidence is such that it cannot be said, as a matter of law, that the damages awarded are excessive, or that the verdict is not sustained by the evidence. The two real estate men who testified for the respondent evidently laid out of consideration the building in estimating the value of appellant's property rights. In short, they seemed to have testified to the value of the ground lease alone.

Errors were also predicated on the court's refusal to strike evidence given by appellant as to the value of his estate or interest in the property, which he testified to be $12,000. This included the value of the building, its location, rental value for drug store and flats, and the length of the unexpired term of the ground lease. We are of opinion this was proper evidence. Appellant was afterwards permitted to state that he considered the property worth $22,000. Respondent moved to strike out this testimony when it was developed that he included in that amount profits which accrued from the business built up by him in that place. Conceding that it would be error to show that the location is valuable for rental purposes, because a profitable business is being therein conducted, we conclude that no prejudice resulted from the ruling. The learned trial court

clearly, repeatedly, and emphatically instructed the jury that no profits from the business established by appellant, or any loss to him for being deprived of such business in the future, could be included in the verdict.

Finding no reversible error of law in the record prior to granting the motion for a new trial, and it not appearing that the court granted such motion because the evidence did not justify the verdict, the order is reversed.