F. J. BRECHT AND OTHERS v. PAUL TROSKA AND OTHERS.[1]

June 9, 1917.

No. 20,526.

**Drain — order vacating order establishing, not an appealable order.**

An order vacating the final order establishing a ditch in proceedings under the drainage statute and granting a rehearing of the issues involved in the proceeding is not an appealable order.

Proceeding in the district court for Faribault county in the matter of Judicial Ditch No. 15. The court confirmed the report of the engineer. The motion of Paul Troska and others to vacate the order establishing the ditch and for a rehearing was granted, Dean, J. From the order granting the motion, F. J. Brecht and others appealed. Respondents' motion to dismiss the appeal was granted.

*Putnam & Carlson* and *Haycraft & Palmer*, for appellants.

*Henry A. Morgan* and *Moonan & Moonan*, for respondents.

PER CURIAM.

In proceedings before the district court under the drainage statute (G. S. 1913, c. 44), a final order establishing a ditch as petitioned for and reported by the engineer was duly entered on December 29, 1916. In January following a large number of persons interested in the proceeding, and who were opposed to the construction of the ditch, moved the court to vacate the order and for a rehearing of the questions involved in the proceeding upon the ground of surprise and excusable neglect which prevented them from presenting their defense and objections to the construction of the ditch at the time of the final hearing. After hearing the parties, due notice of the application having been given, the court made an order granting the motion and directed that a rehearing be had on June 12, 1917. From that order the petitioners for the ditch appealed. Without stopping to consider whether the court had authority to grant the application, either under section 7786, G. S. 1913, or under its inherent jurisdiction, we hold that the order is not a final order within the meaning of section 5577, which provides for an appeal to the supreme court in drainage proceedings from any final order entered therein. McNamara v. Minn. Cent. Ry. Co. 12 Minn. 269 (388). What is said in the opinion in that case with respect to what constitutes a final order is applicable here, but the rule there ap-

[1]Reported in 163 N. W. 126.

plied as to the appealability of such an order in condemnation proceedings may have been abrogated by statute. King v. Board of Education of City of Minneapolis, 116 Minn. 433, 133 N. W. 1018.

Appeal dismissed.