ESAIAS RHEINER *vs.* UNION DEPOT, STREET RAILWAY & TRANSFER COMPANY OF THE CITY OF STILLWATER and another.

December 8, 1883.

**Eminent Domain—Jurisdiction of Subject-Matter and of Person, how acquired.**—Upon the presentation of a petition to the district court, in accordance with the provisions of the statute, showing a right on the part of the petitioner to acquire the land therein described, under the law of eminent domain, and invoking the action of the court in the premises, the court has jurisdiction of the subject-matter of the proceeding. There is then only wanting to complete jurisdiction in the condemnation proceedings, that, by the means prescribed by statute or otherwise, the parties whose interests are involved should be brought within the jurisdiction of the court. The provisions of the statute relating to the service of notice of the time and place when the petition will be presented to the court for its action, are designed only for the purpose of investing the court with jurisdiction over the persons interested in the proceeding.

**Same—Defect of Jurisdiction over Person—Waiver.**—Defects with respect to the jurisdiction over the person may be waived, and, when waived, cannot afterwards be questioned. Any distinct recognition by a party, in the progress of a cause, of the authority of a tribunal to adjudicate therein, is effectual as a waiver of defects going merely to the jurisdiction of the person.

**Same—Waiver by Appeal from Award.**—The taking and prosecuting of an appeal to the district court from the award of commissioners in favor of the appellant, in condemnation proceedings, is effectual as a waiver of jurisdictional defects resulting from the fact that the proceedings before the court and the commissioners had been had without notice to the appellant.

**Same—Appellant cannot maintain Suit for Injunction.**—One who has taken and prosecuted such an appeal may not afterwards pursue the in-

v.31—19

consistent remedy of an action to restrain the corporation from the use of the land, upon the ground of such defect in the condemnation proceedings.

This action was brought in the district court for Washington county, to restrain the defendants from occupying and using the plaintiff's land. The allegations of the complaint are stated in the opinion. The defendant, the Union Depot, Street Railway and Transfer Company, having answered, moved for judgment on the pleadings, which motion was granted by the court, *Crosby*, J., presiding. The other defendants demurred to the complaint on the ground, among others, that it does not state facts sufficient to constitute a cause of action. The demurrers were sustained by *Crosby*, J., and the plaintiff appeals from the judgment of dismissal and the orders sustaining the demurrers.

The defendant, the Union Depot, Street Railway and Transfer Company, is the same company as the Stillwater Street Railway and Transfer Company in the case of *Rheiner* v. *Stillwater Street Railway & Transfer Co.*, reported in 29 Minn. 147, and *ante* p. 193, its name having been changed prior to the commencement of this action, and the condemnation proceedings considered in the former appeals are the same mentioned in the complaint in this action.

*L. E. Thompson* and *J. M. Gilman*, for appellant.

Where a railroad or other company, having a right to condemn property, enters upon and appropriates land to its use, without having acquired the right to do so, injunction is the proper remedy, and proceedings taken to condemn such land, which are not conducted in accordance with the statute, confer no right upon the company. Mills on Eminent Domain, § 90; High on Injunctions, § 622; *Lohman* v. *St. Paul, etc., R. Co.*, 18 Minn. 157, (174;) *Browning* v. *Camden, etc., R. Co.*, 4 N. J. Eq. 47; *Murdock* v. *Prospect Park, etc., R. Co.*, 73 N. Y. 579; *Bonaparte* v. *Camden & A. R. Co.*, Baldwin, (C. C.) 205.

The condemnation proceedings are wholly invalid. If a petition can be amended as was done in this case, without any notice to the owner, it is an easy way to evade the essential requirements of the statute. Mills on Eminent Domain, §§ 90, 102; *Lohman* v. *St. Paul, etc., R. Co., supra; Mayor* v. *Delachaise*, 22 La. An. 26; *Cunning-*

*ham* v. *Pacific R. Co.*, 61 Mo. 33; *Sharp* v. *Speir*, 4 Hill, 76; *Sharp* v. *Johnson*, Id. 92; *Newell* v. *Wheeler*, 48 N. Y. 486; *Cruger* v. *Hudson River R. Co.*, 12 N. Y 190; *In re New York & W. S. R. Co.*, 89 N. Y. 453; *New Orleans, etc., R. Co.* v. *Frederic*, 46 Miss. 1; *Vail* v. *Morris & E. R. Co.*, 1 Zab. (N. J.) 189. By appealing from the award of the commissioners, the plaintiff did not waive any objections to the proceedings, nor is he estopped from questioning their validity. If the appeal brought before the court the questions as to the validity of the proceedings, it would doubtless be true that a party would have to elect which course to pursue, and his appeal would doubtless be a bar to an independent action. But it is settled by repeated decisions of this court that such appeal only brings before the court the question of damages, and not any question as to the legality of the proceedings. *Turner* v. *Holleran*, 11 Minn. 168, (253;) *Schermeely* v. *Stillwater & St. P. R. Co.*, 16 Minn. 457, (506;) *Warren* v. *First Div., etc., R. Co.*, 18 Minn. 345, (384;) *Rippe* v. *Chicago, etc., R. Co.*, 20 Minn. 166, (187.) The appeal from the award, therefore, as it did not involve any questions as to the validity of the proceedings, cannot operate as a bar to this action, for it could not operate as a waiver of the objections to the validity of the proceedings. This was the question directly involved, and decided in appellant's favor, in *Lohman* v. *St. Paul, etc., R. Co., supra*, and in *Weir* v. *St. Paul, etc., R. Co.*, 18 Minn. 139, (155.)

No proceedings on the appeal could have the effect of a waiver, short of an acceptance by the plaintiff of the damages awarded him on the appeal. The principle is illustrated in actions of trover, where it is held that a judgment for the value of the property, unless satisfied, does not divest the plaintiff of the title to the property, but he may still pursue and retain it. *Lovejoy* v. *Murray*, 3 Wall. 1, 16; *Brinsmead* v. *Harrison*, L. R. 6 C. P. 584; *Spivey* v. *Morris*, 18 Ala. 254; *Hepburn* v. *Sewell*, 5 H. & J. (Md.) 211; *Osterhout* v. *Roberts*, 8 Cow. 43; *Smith* v. *Alexander*, 4 Sneed, 482.

*Marsh & Searles*, for respondents, the Union Depot, Street Railway & Transfer Co. and the Chicago, Mil. & St. Paul Ry. Co.

*A. E. Macartney* and *C. P. Gregory*, for respondent, the City of Stillwater.

DICKINSON, J. An outline of the facts resulting in the instituting of this action, and which are set forth in the complaint, is as follows: The plaintiff being the owner and in the possession of a lot of land in the city of Stillwater, 60 feet wide and 240 feet deep, the defendant, the Union Depot, Street Railway & Transfer Company, filed its petition in the district court to condemn for its use, under the law of eminent domain, the east 90 feet of the lot. Commissioners were appointed pursuant to the prayer of the petition. Afterwards, and 10 days after the time designated in the order of the court upon the former petition for the first meeting of the commissioners, an amended petition was presented to the court by the same corporation, for the condemnation of the whole of plaintiff's lot. The amended petition was allowed by the court. The commissioners previously appointed proceeded in the condemnation proceedings under the amended petition, and appraised the property sought to be taken, awarding to the plaintiff $7,501 therefor. Their report was filed in August, 1881. Upon being notified of the filing of the award, this plaintiff appealed therefrom to the district court. The appeal was tried before a jury at the November term, 1881, and a verdict of $23,500 was returned in favor of the plaintiff. The transfer company moved for a new trial, which was granted, and the plaintiff appealed from the order to this court. While the appeal was pending in this court, the transfer company executed and filed a bond, such as is authorized by statute, (Gen. St. 1878, c. 34, § 24,) to enable it to prosecute its contemplated work notwithstanding the appeal. The appeal was heard here at the April term, 1882, and the order granting a new trial was affirmed. 29 Minn. 147. In October following, (1882,) this action was commenced. At the November term of the district court, and while the action was pending, the appeal from the commissioners' award was again tried, the plaintiff, however, objecting, and seeking to have the trial postponed until this action should have been determined. At this last trial, $15,500 was awarded to the plaintiff.

The complaint further alleges that the plaintiff appeared only specially, by attorney, upon the hearing before the court upon the original petition, objecting to the sufficiency of the notice thereof, and

that he had no notice nor knowledge of the subsequent proceedings until after the filing of the report and award of the commissioners; that the commissioners did not meet at the time and place designated in the order appointing them for their first meeting, and did not take the oath required of them until eight days after that time; that the plaintiff had no notice or knowledge of the presentation or allowance of the amended petition, or of the proceedings had upon it, until after the filing of the award, but that it was allowed *ex parte*. It alleges that the property was not needed by the transfer company, and that the condemnation thereof was not for its use, but that it was made under and in pursuance of unlawful agreements and combinations with the other defendants, to the effect that the transfer company should acquire, by proceedings under the amended petition, the whole of the property, and then transfer to the other defendants respectively certain portions of it, for their own use. It is alleged that the defendants, claiming the right so to do by virtue of the proceedings recited, have entered upon the property, constructed railroad tracks across it, torn down and removed buildings, and threaten further acts of destruction. By this action the plaintiff seeks an injunction, with damages and general equitable relief.

It cannot be doubted, upon the facts stated, that the proceedings for condemnation were defective, and the determination therein invalid, unless the defects were of such a nature that they were cured by the taking and prosecuting of the appeal from the award of commissioners. By the failure of the commissioners to meet on the day designated for their first meeting, jurisdiction over the plaintiff in that proceeding was lost, and the court had not authority to entertain and act upon the amended petition, without further proceedings being had to regain jurisdiction over the person of the plaintiff. Neither, if jurisdiction had not been thus lost, would the court have had authority to act upon the amended petition while the plaintiff was in default, without notice to him such as is required by statute. The amended petition enlarged the scope of the condemnation proceeding to the extent of bringing in the whole of the plaintiff's land, in place of the portion which was embraced in the original petition. It was, in effect, a new proceeding for the taking of the land in question.

We have now occasion to consider only the nature of the defects in the proceedings upon the amended petition, for only upon that was the award made and the condemnation claimed to have been effected. That the defect was of a jurisdictional nature is apparent, but the want of jurisdiction was not in respect to the *subject-matter* of the proceeding, but to the *person* of the plaintiff. The amended petition presented to the court for its action a case which, by the terms of the statute, it had authority to entertain, upon proof of notice to the plaintiff which the statute prescribes. The provisions of the statute relating to the service of notice of the time and place when the petition will be presented to the court for its action have, as their single object, the bringing before the court the parties interested in the proceeding, that their rights may be adjudicated. The plaintiff might have conferred jurisdiction as to himself by a voluntary appearance before the court in the proceeding, although the statutory requirements in this regard were not complied with. Any distinct recognition on his part, in the progress of the cause, of the authority of the tribunal to adjudicate therein, would be effectual as a waiver of the objection that he had not been personally brought within its jurisdiction. *Anderson* v. *Hanson,* 28 Minn. 400. It is true, the statute provides, in respect to the required service of notice, that "want of service of such notice shall render the subsequent proceedings void as to the person not served." Gen. St. 1878, *c.* 34, § 15. But this does not mean that the proceedings would be void in such a sense that they could not be rendered valid by the consent or appearance of the person who should have been served with notice. They would be void unless and until they should be rendered valid by some other event or act having the effect of curing the want of jurisdiction. Such is one of the recognized uses of the word "void." *State* v. *Richmond,* 26 N. H. 232.

At the time when plaintiff appealed from the award of the commissioners, two courses lay before him, either one of which he might pursue. As yet, the proceeding having been without jurisdiction as to himself, he might seek relief on that ground; or, the jurisdictional defects being such that he might waive them, he might disregard them and accept the award; or, if that was deemed inadequate, appeal to

the district court. Having chosen the latter course, he is precluded by his own election from availing himself of the former. The sole office of the appeal was to bring before the district court, for retrial and reassessment, the question as to the amount of damages he should receive for the same taking which is now complained of as invalid. He could not take and prosecute the appeal without placing himself before the court in a position where he must be deemed to have waived the defects, which, if insisted upon, would have been fatal to the jurisdiction of the court and the commissioners in the prior proceedings. The two remedies are inconsistent. Having made his election between them, and having waived these defects for the purpose of securing what benefit he might in a reassessment of his damages before the court and jury upon appeal, he is concluded thereby, and cannot now be allowed to recall his waiver, and make again invalid what his own acquiescence had rendered valid. Of course, if the defects recited had amounted to a want of jurisdiction as to the subject-matter, as was the case in *County of Ramsey* v. *Stees,* 28 Minn. 326, the case would have been different.

These authorities support the views we have expressed: *Pinkham* v. *Chelmsford,* 109 Mass. 225; *Jordan* v. *Haskell,* 63 Me. 193; *State* v. *Richmond,* 26 N. H. 232; *Weaver's Road,* 45 Pa. St. 405; *Martin* v. *Ives,* 17 Serg. & R. 364; *Ney* v. *Swinney,* 36 Ind. 454; *Johnson* v. *Rankin,* 70 N. C. 550.

It is claimed that the right of the plaintiff to prosecute this action, notwithstanding the former appeal, is supported by the cases of *Weir* v. *St. Paul, etc., R. Co.,* 18 Minn. 139, (155,) and *Lohman* v. *St. Paul, etc., R. Co.,* Id. 157, (174.) In the former case, the question here involved was not considered by the court. The decision rests entirely upon other grounds, and the question, if raised in the case, became unimportant. The facts in the *Lohman Case* are imperfectly reported. The record shows them to have been, in substance, as follows: The railroad company, in its petition for the condemnation of lands, embraced a tract which was, in fact, owned by the plaintiff, Garde H. Lohman, but described it as the property of John Lohman, who did own contiguous lands, which were also the subject of the same condemnation proceedings. The plaintiff was residing upon his land,

but no notice was served upon him, nor does it appear that he took part in the proceedings. The commissioners awarded damages, in one gross sum, to John Lohman, for the taking of the land which actually belonged to him, and for that of the plaintiff of which he was described to be the owner. The plaintiff then assumed to appeal from this award of the commissioners. It does not appear by the record that any proceedings had been had in the appeal, beyond the service of notice and filing of the bond by which the appeal was attempted to be effected, when the action reported was commenced, to restrain the railroad company from occupying the land. The only language in the decision which can be regarded as favoring the position of this plaintiff is that in which the court say that there was nothing to show any waiver of notice upon the plaintiff's part. The appeal of the plaintiff in that case was unauthorized by statute; it had not been sanctioned by the court, and was a simple nullity, constituting no waiver nor ground of estoppel. He had no interest in respect to the award of damages made to John Lohman, and no right by appeal to have such award modified or affected by a reassessment. His appeal had not the effect to convert the proceeding from one for the assessment of damages in favor of John Lohman, in respect to land of which he was asserted to be the owner, into a proceeding for the assessment of damages in favor of the appellant, for the taking of his land. Of course, the condemnation-proceedings did not affect the plaintiff's property. He was not a "party interested," and only such persons were given the right of appeal by the statute. The decision evidently determines no principle involved in this case.

For the reason stated, the plaintiff has no right to maintain this action, and the judgment and orders appealed from are affirmed.