NICHOLAS DRESSEN v. BOARD OF COUNTY COMMISSIONERS OF
NICOLLET COUNTY.

May 17, 1899.

Nos. 11,638—(89).

### Drainage of Meandered Lake—Appeal under G. S. 1894, § 7803.

An appeal, under Laws 1887, c. 97, § 11 (G. S. 1894, § 7803), from an order of the county commissioners laying out a public ditch, does not bring up for review the question whether the commissioners have exceeded their authority by establishing the ditch so as to drain a public meandered lake.

Appeal by Nicholas Dressen from an order of the district court for Nicollet county, Webber, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

The requests referred to in the opinion were as follows:

"(2) The burden of proving the right to take the land of another for a public use is on the party seeking to establish such right, and in this case the burden of proof to establish the public necessity of taking the property of appellants or any of them is upon the county.

"(3) The burden of proof in this case is upon the county to establish by a preponderance of all the evidence the fact that the opening and construction of said ditch would be conducive to public health, convenience, and welfare, and each one of these facts must be established to the satisfaction of the jury by a fair preponderance of testimony."

*G. S. Ives* and *A. R. Pfau*, for appellant.

*A. A. Stone*, for respondent.

MITCHELL, J.

The appellant here appealed from an order of the board of county commissioners of Nicollet county establishing a public ditch. The trial of the appeal in the district court having resulted adversely to the appellants, one of them now appeals to this court. The ditch in question is the same one referred to in Witty v. Board of Commrs., supra, page 286; and, in view of the decision in that

case, there is nothing involved in this appeal except the question of costs.

The appeal to the district court was taken under Laws 1887, c. 97, § 11 (G. S. 1894, § 7803); and the main question here is whether such an appeal brings up for review the question of the authority of the county commissioners to establish a ditch so as to drain a public meandered lake. This the appellants sought to do by a motion in the district court to dismiss the proceedings. Of course, the right of appeal, both as to its existence and to its scope, is purely statutory. After examining the section of statute referred to, our conclusion is that the question cannot be raised on appeal, but that the remedy is by certiorari, or by an action for an injunction. The point goes, not to the want of jurisdiction of the county commissioners to institute the proceedings to establish a ditch, but to their having exceeded their authority by establishing a ditch so as to drain a public meandered lake.

What has been said likewise applies to several other points attempted to be raised on the appeal. It is also to be observed that many of the grounds upon which the appellants moved the district court to dismiss the proceedings have nothing in the record to support them. Appellants' second request was, in effect, given in the general charge by the special questions submitted to the jury. Moreover, the last part of the request, by the use of the words "public necessity," was calculated to mislead, rather than to enlighten, the jury. The third request, as to the burden of proof, was properly refused, because it erroneously stated that the burden was on the county to prove each and all of the facts, any one of which would have justified the county commissioners in establishing the ditch. We find nothing in any of the other assignments of error worthy of special notice.

Order affirmed.