# State, *ex rel* Thompson, *v.* Colias, *et al.*

*Quo Warranto to Annul Charter of Corporation.*

(Decided March 2nd, 1907. 43 So. Rep. 190.)

*Corporations; Incorporation; Defective Corporations; Remedy.*—An incorporation under the name and style of Jebeles and Colias Company is not void under section 1286, Code 1896, but voidable, and the defect may be remedied by filing with the probate judge issuing the original certificate a statement setting forth the omission and supplying the same by inserting the word "confectionery" after the name "Jebeles & Colias" and before the word "Company" as provided by section 1282, Code 1896.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Quo warranto by the state, on the relation of Von L. Thompson, against Thomas Colias and others. From a judgment sustaining defendants' demurrer to the petition and dismissing the petition, relator appeals. Affirmed.

This was a petition in the nature of a quo warranto, seeking to prevent the stockholders of the alleged corporation from further using, usurping, or attempting to use and usurp, the privileges and franchises granted said alleged corporation as granted by said alleged articles of incorporation. The material allegations of the petition seeking to annul the corporation are sufficiently stated in the opinion of the court, and a judgment sus-

[State, ex rel Thompson·v. Colias, et al.]

taining demurrers and dismissing the petition was entered, and from this judgment this appeal is prosecuted.

VON L. THOMPSON, for appellant.—The adoption of a partnership name as the name of a prospective corporation, without joining thereto some word designating the business to be carried on by said corporation, and followed by the word "company," renders the attempt to organize such corporation absolutely void.—Code of Alabama, § 1286. The alleged attempt of organizing a corporation made void by the illegal acts in violation of law by the incorporators, cannot afterwards be made legal or valid by ratification or changing the corporate name.—29 Am. & Eng. Ency. of Law, 2nd Ed. p. 1065; 1 Definition of Void, etc.; Bishop on Contracts, Enl. Ed. §§ 611-13-14 and 846. Parties holding themselves out to the world as a duly organized corporation, when in fact the means used by them for the purpose of incorporating such alleged corporation are void, are not officers of a corporation, but are usurpers of an office, in violation of law and may be ousted.—Code of Ala. §§ 3417, subd. 5, and 3420, subd. 3. Privileges and franchises to corporations when granted by law are protected, guarded and cared for, and a corporation, though legally organized, exercising a franchise or privilege not conferred by law, is such an offense, when properly charged and proven, as will cause the state to withdraw such privileges and oust the parties so offending.—Code of Ala. § 3417, subd. 5. The information properly charges that the respondents, even if duly incorporated, are exercising franchises and privileges not conferred on it by law, and the demurrers should have been overruled.—Lee v. State, 49 Ala. 43; Carter v. Price, 50 Ala. 568.

POWELL & BLACKBURN, for appellee.—The court properly sustained the demurrers and entered a judgment dismissing the petition.—N. Y. & L. I. Bridge Co. v. Smith, 148 N. Y. 540; Ewell v. Dagg, 108 U. S. 143; Melms v. Papst Brewing Co., 57 Am. St. Rep. 899. The state may acquiesce in the usurpation and may waive the breach of the conditions on which rightful corporate

existence depends.—*Lehman-Durr Co. v. Warner,* 61 Ala. 464. The information is not unlike that in the case of *C. A. & M. Asso. v. Alabama G. L. Ins. Co.,* 70 Ala. 120. As to other authorities bearing on the question in litigation, we cite: *State v. Webb,* 110 Ala. 223; *Schnider, et al. v. Troy,* 91 Ala. 231; *State v. Montgomery Light Co.,* 15 South. 347.

DENSON, J.—Nicholas Colias and Christo Jebeles, during the year 1900 and for some time prior thereto, did a general mercantile business in the city of Birmingham as partners under the firm name and style of "Jebeles & Colias." The petition shows that on the 4th day of December, 1900, while they were doing business under said firm name, they, together with one S. Gianoakos, filed their application in writing in the office of the probate judge of Jefferson county, praying to be incorporated under the name of "Jebeles & Colias Company." On the 6th of December, 1900, the probate judge issued a certificate of incorporation in which it was recited that upon the written application of the parties above named they had been incorporated under the name and style of "Jebeles & Colias Company." Section 1286 of the Code of 1896 is in this language: "No certificate of incorporation shall issue to any corporation under the same corporate name as that already assumed by another corporation of the state unless it be the successor of such other corporation; nor when the corporate name assumed is that of a person or firm, unless there be joined thereto some word designating the business to be carried on, followed by the word 'company' or 'corporation.' If any corporation shall hereafter assume as its corporate name, the name of a person or firm without the qualification above required in such case, the organization of such corporation is void, and the stockholders are liable as partners."

It will be observed that the certificate of incorporation, when compared with the statute, is defective in failing to use some word before the word "Company," designating the business to be carried on. Section 1282 of the Code of 1896 is in this language: "When any private

corporation heretofore or hereinafter created under the laws of this state, has accidently or inadvertently failed to comply with the requisitions of the statute in its organization, it shall be lawful for the president of such corporation to supply such omission by filing with the probate judge who issued the certificate of incorporation, a statement under oath, setting forth such omission and supplying the same, which shall be filed with the other papers of such corporation and recorded. And such filing papers of such corporation and recorded. And such filing shall relate back to the date of such incorporation, except as to the rights of third parties which may have intervened." It is shown by the application of the relator that on the 4th day of December, 1902, a statement in all respects in compliance with section 1282 was filed in the office of the judge of probate of Jefferson county, in which it was shown that the incorporators had by accident, mistake, or inadvertence omitted to join with the name of "Jebeles & Colias" any word designating the business to be carried on, and it is asked in the "statement" that the omission may be supplied by inserting the word "Confectionery" immediately after the words "Jebeles & Colians," and before the word "company," wherever the name of the corporation appears in the declaration papers. With the word supplied, the name of the corporation reads as follows: "Jebeles & Colias Confectionery Company." The statement, as shown by the application of the relator, was filed with the other papers of the incorporation and was recorded.—Code 1896, § 1282.

The insistence of the relator is that the initial effort to incorporate was, on account of the omission pointed out, absolutely void, and, being so, it was incapable of being corrected, notwithstanding the provisions of section 1282. The Supreme Court of the United States, in passing upon the meaning of the words "void and of no effect," uses this language: "But these words are often used in statutes and legal documents, * * * in the sense of 'voidable' merely—that is, capable of being avoided—and not as meaning that the act or transaction is absolutely a nullity, as if it never had existed, in-

[State, ex rel Thompson v. Colias, et al.]

capable of giving rise to any rights or obligations under
any circumstances."—*Ewell v. Daggs,* 108 U. S. 148, 2
Sup. Ct. 408, 27 L. Ed. 682; *Inskeep v. Lacony,* 1 N. J.
L. 112; *Matter of N. Y. & L. I. Bridge Co.,* 148 N. Y. 540,
42 N. E. 1088; *C. & P. S. R. R. v. Braillard,* 12 Wash.
22, 140 Pac. 382; *Van Shanck v. Robins,* 36 Iowa, 201;
*Rheiner v. Union Depot,* 31 Minn. 289, 17 N. W. 623;
*Brown v. Brown,* 50 N. H. 538, 552. In the New York
case cited supra, the New York & Long Island Bridge
Company was incorporated by an act of the Legislature
for the purpose of constructing and maintaining a
bridge over the East river, between the cities of New
York and Long Island, and was given the power to con-
demn land for this purpose. A section in the incorpor-
ating act provided that the bridge should be commenced
within two years from the passage of the act, and should
be continued without unreasonable delay until the
bridge should be completed, or the act and all rights and
privileges granted thereby should be null and void. The
erection of the bridge was not commenced within two
years, and an application by the corporation to condemn
land for the approaches of the bridge was resisted on
that ground; the theory being that the company had for-
feited its franchise. The court said: "It cannot be said
that the words 'shall be null and void' disclose the leg-
islative intent to make this clause self-executing. The
words 'null and void,' as used in this connection, clearly
mean 'voidable.' The word 'void' is often used in an un-
limited sense, implying an act of no effect, a nullity ab
initio. In the case at bar it was not so employed, but
rather in its mere limited meaning." See cases cited
supra.

Sections 1282 and 1286 of our Code of 1896 are em-
braced in article 12 of chapter 28, are pari materia, and
must be construed with reference to each other. So con-
struing them, and in the light of the foregoing authori-
ties, it seems to be clear that the word "void," as used
in the latter section, means "voidable"; in other words,
the word "void" does not carry with it the meaning that
the proceeding to incorporate would be void in such a
sense that they could not be rendered valid by proceed-

[Orme v. Mayor, etc. of City of Tuscumbia.]

ings had in accordance with section 1282, but they would be voidable unless and until they should be rendered valid by supplying the missing word, as authorized by that section.—*Rheiner v. Union Depot, supra.* If, before the omission was supplied, proceedings had been instituted to declare the proceedings to incorporate void, there can scarcely be a doubt that a judgment of ouster would have been rendered; but, the omission having been supplied as provided by the statute (section 1282), we cannot see any reasonable foundation for the contention of the relator. If section 1282 was not enacted for the purpose of curing such a defect in incorporation proceedings as is shown by the record in this case, then it would be hard to define its office.

The application in this case was filed long after the defect in the proceedings had been cured; and, construing the averments of the petition together, it fails to show that the respondents are exercising franchises and privileges not conferred on them by law, or that they are not legally incorporated. It follows that the judgment of the court below must be affirmed.

Affirmed.

HARALSON, DOWDELL, ANDERSON, and MCCLELLAN JJ., concur.