# Gelders, *et al. v.* State *ex rel.* Freeman.

*Quo Warranto.*

(Decided June 30, 1909. Rehearing denied Dec. 16, 1909.
51 South. 232.)

*Corporations; Defective Corporations; Remedy.*—Where a corporation fails to comply with the statutes requiring the certificates of incorporation to be signed by the subscribers to the capital stock, this defect is remedied by filing a statement under oath by the president of the company that the error was accidental, accompanied by an instrument signed by each of the subscribers to the capital stock of the, company, named in the certificate of incorporation, and

[Gelders, et al. v. State ex rel. Freeman.]

setting forth their desire to supply the omission and to in all respects confirm the incorporation of the comapny. (Section 3461, Code 1907.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Quo warranto by the state on the relation of A. B. Freeman against Louis Gelders and others to test the validity of a corporation. From a decree for relator, respondent appeals. Reversed, rendered and remanded.

PERCY, BENNERS & BURR, for appellant.—Conceding that the original certificate of incorporation was defective, it was cured by the subsequent filing of the paper omitted.—Section 3461, Code 1907; Cook on Corporations, Sec. 5; *State ex rel. v. Colias,* 150 Ala. 515.

TYSON, WILSON & MARTIN, for appellee.—The signing and acknowledging of the certificates of incorporation by the subscribers to the capital stock was a pre-requisite or condition precedent.—*Central, etc., Assn. v. Ala. Co.,* 70 Ala. 120; *Sanche v. Webb,* 97 Ala. 111; 1 Morawetz on Private Corporations, Sec. 8. The failure to do this was fatal to the incorporation.—*State v. Colias,* 150 Ala. 515; *People v. Montecito County,* 33 Am. St. Rep. 173 and note; *Kyser v. Lawrence Bank,* 41 Am. Rep. 85; *Doyle v. Mizner,* 3 N. W. 968; *Burt v. Salisbury,* 55 Mo. 310; *Bigelow v. Gregory,* 73 Ill. 197. From these authorities it follows that the attempted amendment did not cure the original defect.

SIMPSON, J.—This is a quo warranto proceeding, by the appellee, for the purpose of testing the validity of the corporation known as the Acme Laundry Company. The statute (Code 1907, § 3446) requires that "the certificate of corporation shall be signed by the

subscribers to the capital stock named therein," and the petition avers that there were more than 60 subscribers to the capital stock, and that only 3 of them signed the certificate.

The respondents filed a plea confessing the facts alleged, but stating that, after the commencement of this proceeding, they had, under and by virtue of section 3461 of the Code, "filed in the office of the probate judge a statement in writing, under the oath of the president of said corporation, setting forth that the failure of the other stockholders was accidental or inadvertent, also supplying and correcting the same, by filing, in connection with said statement, an instrument, signed by each of the subscribers to the capital stock of said corporation named in the certificate of corporation, setting forth their desire to supply the omission, * * * and to in all respects ratify and confirm the incorporation of said company, and correcting and supplying the said omission, which statement and instrument were duly recorded by said probate judge." The plea was demurred to, and the demurrer sustained, and the assignment of error is to the action of the court in sustaining said demurrer.

It cannot be doubted that the signature by the subscribers to the capital stock is essential to complete organization of the corporation, and the only question is whether that failure was cured by the proceedings under section 3461. It is insisted by the appellee that no proceeding under section 3461 could remedy this defect, because it is essential that there must be first a corporation before any correction can be made under said section, and that the corporation could not be legally organized without the signatures of all of the stockholders. There cannot be anything in this contention, for the very purpose of the statute, as expressed on its face,

is to remedy the failure to comply with the require-
ments of the chapter, without which the corporation
could not be legally organized.   It was a de facto cor-
poration, but not de jure.

In a case where parties organizing a corporation had
not complied with section 1286 of the Code of 1896, in
not designating the business to be carried on, although
that section provided that such organization should be
void, this court said that that section must be construed
in connection with section 1282 of that Code (which is
identical with section 3461 of the Code of 1907), and
that, so construing it, the organization was voidable
rather than void, and, when the defect had been reme-
died under section 1282, it was cured.—*State ex rel.
Thompson v. Colias, et al.,* 150 Ala. 515, 519, 43 South.
190.   The defect in that case was fatal as in this, and
the statute explicitly declared the organization void;
nor was that merely a defect which could be remedied
by the affidavit of the president alone, but the new word
had to be supplied by authority of the corporation. Sec-
tion 3461 is ample to cover all defects in the organiza-
tion, and the requirement is not only clear that the
president or chief executive head must file the statement
under oath, setting forth the omission or error, but he
must also supply or correct the same.   In this case the
signatures which had been inadvertently omitted were
supplied.   The corporation was sufficient, unless the
fact that it was made, after these proceedings were
commenced, renders it ineffective.   It is true that Jus-
tice Denson, in delivering the opinion in the *Colias Case,*
says that "if, before the omission was supplied. pro-
ceedings had been instituted, * * * a judgment of ouster
would have been rendered" (page 520 of 150 Ala., page
192 of 43 South.) ; but he was speaking to the facts in
that case, in which the correction had been made long

before the commencement of the proceedings, and did not have in consideration a case where the correction was made after the commencement of proceedings, but before judgment.

The object of this requirement that all of the stockholders shall sign the certificate of incorporation is to provide against bogus organizations by showing, over their own signatures, who are the original stockholders, and the object of the state in providing that these matters may be inquired into by the Attorney General, or by any other person, is that the public may be protected. If, then, it was an inadvertent omission, and the stockholders had really subscribed to the stock, and come forward and signed the certificate after proceedings commenced, which, irrespective of the suit, certainly makes the organization complete and legal, we cannot see that any interest of the public demands that the corporation, which is legal to all the rest of the world, but for this proceeding, and which has accomplished the purpose which the state had in view, should be declared void. The law does not do vain things, and the same parties could at once organize the corporation, even if the court should so declare.

The New York Court of Appeals held that, in a proceeding to enforce the forfeiture of the charter of a corporation, it is incumbent on the state to show that the cause of forfeiture existed, not only at the time of the commencement of the suit, but that it continues up to the time of the judgment. In that case, after the commencement of the proceedings, an act was passed providing that a reorganized railroad no longer incurred the risk of forfeiture of its charter by failure to build certain extensions to its road, by procuring a certain certificate from the railroad commission, and the court held that such certificate defeated the pending action.—*Peo-*

*ple v. U. & D. R. R.,* 128 Ala. N. Y. 240, 251, 28 N. E. 635. In a case in Illinois, where a part of a complaint by a stockholder was that the officers of the corporation had invested its funds in real estate, contrary to the statute, the court said it was immaterial, as it was shown "that, as soon as complaint was made as to the holding of this property, a resolution was passed" for the sale of the land, and it was sold at a small profit.— *Bixler v. Summerfield,* 210 Ill. 66, 69, 70 N. E. 1059, 1061. The record in that case is not clear as to whether the "complaint" was by the institution of the proceedings or previous thereto.

However, for the reasons and authority above cited, we hold that the correction of the error in this case was sufficient to validate the organization of the corporation, and that, while the relator would be entitled to costs up to the time of the correction, the court erred in sustaining the demurrer to the said plea. The original subscribers were the only proper parties to sign the subscription certificate, as the proceedings were to correct the error and make the certificate what it should have been before. The books would have to show the original subscribers and the transfers by them to others, and it would be incongruous for the names of subsequent purchasers to appear on the certificate.

The decree of the court is reversed, and a decree will be here rendered overruling the demurrer to the pleas, and the cause is remanded.

Reversed, rendered and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.