## MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY v. EMANUEL S. ST. MARTIN and Another.[1]

July 23, 1909.

Nos. 16,197—(63).

**Eminent Domain — Evidence Inadmissible on Appeal.**

In proceedings commenced by appellant company for the purpose of condemning a right of way across respondent's premises, the commissioners provided in their award that appellant should construct and perpetually maintain a cattle chute of certain dimensions under the railroad, and in addition thereto assessed the damages at $350. Respondents appealed to the district court from that portion of the award relating to damages only, and recovered a verdict for $1,025. Held, the sufficiency of the cattle chute was not an issue on the trial in the district court, and evidence directed to that question was inadmissible.

Proceeding in the district court for Hennepin county to condemn a right of way over certain land in that county for an electric traction railway under the power of eminent domain. Commissioners appointed as provided by statute awarded $350 damages to the owners of the land. From this award the owners appealed to the district court. The case was tried before Holt, J., and a jury which rendered a verdict in favor of the owners assessing their damages at $1,025. From an order denying the company's motion for a new trial, it appealed. Reversed and new trial granted.

*M. H. Boutelle* and *R. T. Boardman,* for appellant.
*Hall & Kolliner,* for respondents.

[1] Reported in 122 N. W. 452.

Lewis, J.

Proceedings by appellant company for the condemnation of land for right of way purposes. Commissioners were appointed, and they made a report with respect to respondents' land, consisting of ninety acres. The proposed line of railway divided it into nearly two equal portions, and the commissioners appraised the damages in the sum of $350, subject to the following conditions:

"That the foregoing awards to said above-named persons are made subject to and upon the following specific conditions and in accordance with the map or plat of said described lands, which is hereto annexed and herein filed as a part of its report, namely, that said petitioner shall construct and perpetually maintain a good and suitable farm crossing over its right of way at the point indicated on its said map, and shall also construct and maintain over and across its right of way and tracks on each side of said crossing suitable and proper cattle guards without gates. That said petitioner shall construct and perpetually maintain one 'undershot' cattle pass at the point indicated on said map, which cattle pass shall be six and one-half (6½) feet high and four (4) feet wide, with drainage, if practicable. That it shall also construct and maintain all necessary ditches and culverts, and in particular those indicated on said plat."

Respondents, the owners, appealed to the district court from the commissioners' award, in part, in the following language: "That the ground of respondents' appeal is that said award is inadequate and insufficient. That the amount awarded by said commissioners ought not to have been less than the sum of $1,564, together with the construction and perpetual maintenance of said cattle chute and grade crossing, and not less than the sum of $3,000, provided that the respondents are not furnished with said cattle chute, or with any grade crossing, and said respondents do hereby claim the amount of $3,000 as their damages, unless by the judgment of said court they are furnished with a cattle chute and a grade crossing."

The jury returned a verdict of $1,025 damages, and appellant raises the question in this court that error was committed at the trial in permitting respondents to prove that the cattle chute provided by the commissioners was inadequate, and that the jury were permitted to assess damages upon that basis.

The law governing this subject is found in chapter 41, R. L. 1905.

Section 2527 defines the duties of the commissioners, and among other things provides as follows:

"In proper cases they may reserve to the owner a right of way or other privilege in or over the land taken, or attach reasonable conditions to such taking in addition to the damages given, or they may make an alternative award, conditioned upon the granting or withholding of the right specified."

Section 2532, with reference to appeals, provides: "At any time within thirty days after service of the notice that the report has been filed, the owner of lands taken may appeal to said district court from any award of damages embraced in said report, or from any omission to award damages to the appellant for the taking of lands claimed by him, by filing with the clerk a notice of such appeal. Said notice shall specify the particular award or failure to award appealed from, the nature and amount of his claim, the lands to which it relates, and the grounds of his appeal.   *   *   * "

The statute authorizes the commissioners, in the exercise of their discretion, to make such reservations and conditions, and to estimate the damages in addition thereto, and it is clear that the commissioners fixed the compensation at $350 subject to the condition and requirement that the petitioner should construct and perpetually maintain a cattle chute of the dimensions specified. The commissioners might have assessed the entire damage without any reservation, leaving the question of crossings and passageways to be settled under section 2001 of the statute, which provides that the owner may construct and that the railway company shall maintain the same. The statute expressly provides the two methods of estimating damages, one with and the other without reservations, and the notice of appeal was sufficient to take to the district court the single question of damages with reference to the reservations and conditions as provided by the commissioners.

During the course of the trial respondents were permitted, over the objection of appellant, to attack the sufficiency of the cattle chute, claiming that the dimensions were inadequate for the purpose intended, and it was not of the width usually constructed for such purposes.

Respondents were at liberty to appeal from the entire findings of the commissioners, not only as to the amount of damages, but as to the sufficiency of the cattle chute; but they accepted the finding of the commissioners as to the sufficiency of the chute. The appeal having been limited to the single question of damages, appellant had a right to assume in the district court that the sufficiency of the chute was a settled question, and not open to dispute. There is no authority in the law permitting it, and it would be manifestly unjust to allow the landowners to notify the railway company that they were satisfied with the cattle chute provided by the commissioners, but would contest in the district court the amount of damages awarded with reference to the chute so established, and then, at the trial, attack the sufficiency of the chute for the purpose of enhancing the damages. For these reasons the evidence was inadmissible under any issue in the case, placing before the jury a wrong basis upon which to estimate the damages, and its effect was prejudicial.

Reversed. New trial granted.