# MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY v. MARTHA A. GOODSPEED.[1]

December 24, 1914.

Nos. 18,937—(139).

**Eminent domain — appeal from award — trial in district court.**

1. An appeal to the district court from the award of damages in proceedings for the condemnation of land under the provisions of chapter 41, G. S. 1913, is to be treated, and heard and disposed of in the district court, as an ordinary civil action, and in accordance with the rules of procedure applicable to such action.

**Dismissal of appeal.**

2. Such appeals, at least when limited to the issue of damages, may be dismissed by the appellant, without the consent of the respondent, in the manner and as provided for by section 7825, G. S. 1913.

Appeal to the district court for Hennepin county from an award of commissioners granting Martha A. Goodspeed $1,800 damages in condemnation proceedings. From an order, Booth, J., confirming the report of the commissioners, petitioner appealed. Affirmed.

*M. H. Boutelle* and *R. T. Boardman,* for appellant.

*Daniel F. Foley,* for respondent.

[1] Reported 150 N. W. 222.

Brown, C. J.

Proceedings were duly commenced by appellant railway company, under chapter 41, G. S. 1913, for the condemnation of certain land for right of way purposes. Commissioners were appointed, and they assessed and awarded to respondent, Goodspeed, the sum of $1,800, as compensation for injury and damage to lands owned by her and taken by the company for the purpose stated. She was dissatisfied with the award and within the time allowed therefor duly appealed to the district court, specifying in the notice of appeal that the ground thereof was inadequate allowance of ·damages. The cause thereafter was, in conformity with the rules of practice of the Hennepin county district court, placed upon the calendar for trial. Before the cause was reached for trial, and after the expiration of the time for any further appeal from the award of the commissioners, respondent dismissed her appeal by a notice in writing served upon the company and filed with the clerk of the district court. If she was entitled to dismiss, the notice was effectual for that purpose. Thereafter she applied to the court for an order confirming the report and award of the commissioners, and the application was granted. The company appeared in opposition to the application and appealed from the order granting it. The opposition to the application was founded on the claim that respondent had no right to dismiss her appeal without the consent of the company, that the attempted dismissal was ineffectual for any purpose, and that the appeal should be tried and determined as though no notice of dismissal had been given.

The only question presented is the correctness of this contention, and whether in condemnation proceedings the landowner who appeals from the award of damages may voluntarily dismiss his appeal, and accept the damages given him, or whether when such an appeal is taken the proceeding is brought before the court for trial *de novo,* vesting in the respondent to the appeal the right to insist that the issues presented be heard and determined on their merits.

We think, and so hold, that section 7825, G. S. 1913 (section 4195, R. L. 1905), granting to plaintiff in an action the right voluntarily to dismiss his action, applies to and controls the question,

and thereunder respondent's dismissal of her appeal terminated the cause in the district court, notwithstanding the objection of appellant. The dismissal in this case was in compliance with that statute and sufficient for the purpose. That the statute applies seems quite clear. The condemnation statute, under which this proceeding was prosecuted, and under which the appeal was taken provides, in speaking of the appeal, that, "except as herein otherwise provided, the trial shall be conducted and the cause disposed of according to the rules applicable to ordinary civil actions in the district court." It was held in Witt v. St. Paul & N. P. Ry. Co. 35 Minn. 404, 29 N. W. 161, that appeals of this character should be treated as actions commenced in the district court; and, further, that the general statutory right of appeal from the district to the supreme court, given in all civil actions, applies to condemnation proceedings. The rule of that case was followed and applied in King v. Board of Education of City of Minneapolis, 116 Minn. 433, 133 N. W. 1018. The general statutes upon the subject of change of venue were in effect held applicable to condemnation proceedings, when removed to the district court by appeal, in Lehmicke v. St. Paul, S. & T. F. R. Co. 19 Minn. 406 (464), and the decision there rendered has since been followed and approved. If the appeal in such proceedings is to be treated as an action commenced in the district court, to be "disposed of according to the rules applicable to ordinary civil actions," it would seem logically to follow that all pertinent provisions of the general statutes regulating procedure in the district court apply, and control the rights of the parties. The appellant in such case assumes the position of plaintiff (Minnesota Valley R. Co. v. Doran, 17 Minn. 162 [188]) and may under section 4195, R. L. 1905 (section 7825, G. S. 1913), dismiss the appeal without the consent of the respondent therein, at least where the issue is limited to the issue of damages, precisely as the plaintiff may dismiss an ordinary civil action. The appeal in this case was limited by the notice to the question of damages and did not bring up the whole proceeding for hearing de novo. That the issue may thus be limited was held in Minneapolis, St. P. R. & D. Ele. T. Co. v. St. Martin, 108 Minn. 494, 122 N. W. 452. The condemnation statute author-

izes an appeal by either party, and an appeal by the landowner remains in his control the same as an ordinary civil action. In this case there was no appeal by the railway company.

Order affirmed.