MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY v. EDWARD E. GRIMES.[1]

Nos. 19,113—(294).

January 5, 1915.

**Appealable order.**

An order amending a judgment, based on a motion made after the entry and satisfaction of the judgment, affects the substantial rights of the parties and is appealable under G. S. 1913, § 8001, subd. 7. [Reporter.]

January 29, 1915.

**Eminent domain — appeal from award — amendment of judgment.**

In proceedings to condemn a railroad right of way the commissioners awarded to the landowner a specific sum of money as damages, and in addition thereto imposed upon the company the obligation to construct a cattle pass and certain culverts for the use of the landowner. The company appealed, and by the notice thereof limited the issues raised thereby

[1] Reported in 150 N. W. 180, 906.

128 M.—21.

to the question of damages. The jury in the district court reduced the damages from the amount awarded by the commissioners, but the verdict contained no reference to the conditions imposed by the report of the commissioners. The company caused judgment to be entered upon the verdict, and the judgment made no reference to the conditions. The amount thereby awarded to the landowner was paid and he formally satisfied the judgment. It is *held:*

(1) That the award of the commissioners imposing the conditions referred to was not nullified by the appeal, and, since that branch of the proceeding was not challenged on the trial of the appeal, the conditions remained in force and effect.

(2) The court properly corrected and amended the judgment by incorporating this provision of the commissioners' report, notwithstanding the fact that judgment as to damages had been paid and discharged.

Proceedings in the district court for Dakota county to condemn a right of way for defendant's road. The facts are stated in the opinion. From an order amending the judgment, Johnson, J., defendant appealed. Affirmed.

*M. H. Boutelle* and *R. T. Boardman,* for appellant.
*George S. Grimes* and *Gordon Grimes,* for respondent.

A motion to dismiss the appeal having been made the following opinion was filed on January 5, 1915.

PER CURIAM.

An order modifying a judgment based upon a motion made subsequent to the entry of the judgment, and after the judgment has been satisfied of record, is one affecting the substantial rights of the parties, and is appealable under subdivision 7, § 8001, G. S. 1913.

Motion to dismiss appeal denied.

The following opinion was filed on January 29, 1915.

BROWN, C. J.

This proceeding was instituted by appellant traction company for the condemnation of certain land for right of way purposes. Commissioners were duly appointed and in and by their report respondent's damages were assessed at the sum of $3,250; in addition to which the commissioners imposed as a condition to the right of way granted that the company construct a cattle pass under the

railroad track, and certain crossings and culverts for the use of respondent. The company appealed from the award, assigning as grounds thereof that the damages were excessive, making no specific reference to the conditions imposed by the report. The damages were reduced by the jury in the district court to the sum of $2,500, and the conditions were not referred to in the verdict. In fact the question of the reasonableness of the conditions was not litigated on the trial in the district court. In the memorandum attached to the order appealed from the trial court so states the fact. The verdict was returned on November 22, 1913. Thereafter, on May 9, 1914, the company caused judgment to be entered on the verdict, for the amount thereof with costs, and the same was paid on that day to the attorney for respondent, who in turn executed a formal satisfaction of the judgment which was filed with the clerk of the district court. The judgment contained none of the conditions imposed by the commissioners, but was for the recovery of the damages only. Counsel for respondent discovered this omission on June 16, 1914, and promptly moved the court to correct the same by including therein the conditions so imposed. After hearing the parties by their respective attorneys the court made an order granting the motion. From which order the company prosecuted the present appeal.

The report of the commissioners embodied two distinct elements: (1) The conditions imposed, namely, the construction of the culvert and cattle pass; (2) the damages suffered by respondent. The appeal did not challenge the conditions, but the award of damages only. Minneapolis, St. P. R. & D. Elec. T. Co. v. St. Martin, 108 Minn. 494, 122 N. W. 452. Not having challenged the report of the commission as to such conditions they became final, and should have been incorporated in the judgment. Section 5409, G. S. 1913. They were not so incorporated and it clearly was within the power of the court to amend the judgment so that it would conform to what it should have been. 17 Am. & Eng. Enc. (2d ed.) 822, and authorities there cited. Since the conditions and damages were separate elements of the relief awarded by the commissioners it is not important that the damages have been paid and the judgment

satisfied in this respect. That the court has the inherent power to correct errors and mistakes of this kind is clear. 17 Am. & Eng. Enc. (2d ed.) 818-820. The contention of appellant that the question of the conditions, and the fact that they had not been complied with by the company, were matters considered by the jury in fixing the amount of damages is not sustained by the record. The trial court expressed a contrary opinion in the memorandum heretofore referred to, and the record contains no settled case purporting to present the evidence offered and received at the trial, from which the fact may be determined. In any event it does not appear that the company has in any manner been relieved from compliance with the conditions, and the court below correctly proceeded on the theory that compliance was necessary, in addition to the payment of the damages. It is clear that the appeal from the award, even if construed as including the cattle pass and culvert questions, did not *ipso facto* nullify the commissioners' report. On the contrary it remained in full force and effect until vacated by the district court after hearing on the appeal. The force and effect of this part of the report of the commissioners, so far as disclosed by the record, has not yet been called in question.

Order affirmed.