## BOARD OF WATER COMMISSIONERS v. ROSELAWN CEMETERY.[1]

### December 7, 1917.

### No. 20,690.

**Eminent domain — condemnation by city — notice of trial.**

1. The charter requirement that the appeal be placed upon the calen-

[1]Reported in 165 N. W. 279.

dar for the succeeding term of court was sufficient authority for placing it thereon without a notice of trial.

### Same — assessment of damages — jury trial.

2. The owner of property taken under the power of eminent domain conferred by the charter of the city of St. Paul is not entitled as a matter of right to have his damages assessed by a jury; and upon an appeal to the district court he is not entitled to a jury trial unless the court grants it in the exercise of its discretion.

### Same — powers of board of water commissioners.

3. The board of water commissioners of the city of St. Paul is a mere agency of the city, and its authority to exercise the power of eminent domain is derived from the charter of the city and must be exercised as provided in such charter.

### Same — appeal from award of commissioners — power under charter.

4. The appeal from the award of the commissioners is limited to the question of damages and raises no question as to the regularity or sufficiency of the proceedings. But, if power to take the property be lacking, power to award damages is also lacking, and appellant is not debarred from raising the question that taking the property in controversy is beyond the power conferred by the charter.

### Same — where property is devoted to public use.

5. The rule that property already devoted to one public use cannot be taken for another public use without express authority therefor, does not apply to property which has not actually been put to the prior use and is not shown to be actually and presently needed therefor. The property in controversy has not been actually put to a public use and is not shown to be needed therefor.

### Same — ascertaining damages.

6. It does not appear from the record that the court adopted an incorrect basis of value in fixing the amount of appellant's damages.


Roselawn Cemetery appealed to the district court for Ramsey county from the report of appraisers appointed in the matter of the application of the board of water commissioners of the city of St. Paul to assess damages occasioned by taking of property for the extension of its waterworks system. The appeal was heard before Haupt, J., who made findings and sustained the award of the commissioners to the cemetery. The motion of the cemetery for a new trial was denied. From the judgment

entered pursuant to the order for judgment, Roselawn Cemetery appealed. Affirmed.

*William G. White,* for appellant.

*O. H. O'Neill* and *John A. Burns,* for respondent.

TAYLOR, C.

This proceeding was instituted by the board of water commissioners of the city of St. Paul, under the charter of that city, to condemn certain land adjoining one of its reservoirs for use in extending its water works system. A part of this land belonged to the Roselawn Cemetery, a corporation, and the remainder to C. F. McCarron. The damages for taking the land were assessed by commissioners appointed by the district court as provided by the charter. The Roselawn Cemetery appealed from this assessment to the district court under the charter provision therefor, and, after a trial, that court rendered judgment fixing the damages at the same amount awarded by the commissioners. The Roselawn Cemetery appealed therefrom to this court.

The appeal to the district court was taken in the early part of October and was placed upon the calender of that court for the term beginning in November. Appellant moved to strike the appeal from this calendar on the ground that no notice of trial had been served, and insists that the denial of this motion was error. The ruling was correct for the city charter provides that "the appeal shall be entered on the calendar for the succeeding term of said court," [1] and this express statutory command was sufficient authority for placing it on the calendar without further action by either party.

Appellant made a motion for a jury trial and insists that the denial of this motion was error.

Where property is taken under the power of eminent domain, the owner is not entitled, as a matter of right, to have his damages assessed by a jury, unless such right is expressly conferred by statute. He did not possess that right at common law and it is not conferred by the Constitution. Ames v. Lake Superior & Mississippi R. Co. 21 Minn. 241, at pages 292, 293; City of Minneapolis v. Wilkin, 30 Minn. 140, 14 N. W. 581; City of St. Paul v. Nickl, 42 Minn. 262, 44 N. W. 59; Morton

[1][Section 455.]

Brick & Tile Co. v. Sodergren, 130 Minn. 252, 153 N. W. 527; 10 R. C. L. 187, § 161. Appellant concedes this, but claims to be entitled to a jury trial under the provision therefor found in chapter 41 of the General Statutes. The first section of this chapter is as follows: "Whenever the taking of private property for any public use shall be authorized by law, it may be acquired, under the right of eminent domain, in the manner prescribed by this chapter; but nothing herein shall apply to the condemnation of property by any incorporated place whose charter provides a different mode of exercising the rights of eminent domain by it possessed, or to the taking of property under the chapters relating to roads and drainage." G. S. 1913, § 5395.

Appellant contends that the board of water commissioners is not an "incorporated place," and that consequently condemnation proceedings instituted by such board are not excluded from the operation of the provisions of chapter 41 by the above section. But the city of St. Paul is an "incorporated place" whose charter prescribes the procedure to be followed in exercising the power of eminent domain conferred thereby; and the board of water commissioners is not an entity separate and independent of the city, but a mere agency or department of the city provided for and governed by the city charter; and its authority to exercise the power of eminent domain rests upon such charter and must be exercised thereunder. As condemnation proceedings brought by the city itself do not come under chapter 41, neither do those brought under the charter of the city by the subordinate agencies of the city, in the absence of a statute to that effect. The charter provides that appeals to the district court from such assessments, "shall be tried and judgment therein given and the like costs allowed as in actions brought in said court." [1] Appellant contends that this provision should be construed as adopting the procedure for the trial of appeals prescribed by chapter 41, for the reason that condemnation proceedings brought under the charter are of the same general nature as the proceedings under that chapter. If such had been the intention, it could easily have been expressed; and language which imports that such trials shall be governed by the rules which govern the trial of ordinary actions would hardly have been used. Similar language has uniformly been

[1][Section 455.]

construed to mean that the rules which govern the trial of ordinary actions shall apply in all respects in which a different rule is not expressly prescribed. See Minneapolis, St. P. R. & D. Ele. T. Co. v. Goodspeed, 128 Minn. 66, 150 N. W. 222; Peters v. City of Duluth, 119 Minn. 96, 137 N. W. 390, 41 L.R.A.(N.S.) 1044; Lehmicke v. St. Paul, S. & T. F. R. Co. 19 Minn. 406 (464). Under those rules, granting a jury trial rested in the discretion of the court; and in the present case the court undoubtedly could have submitted to a jury the question as to the amount of damages, but we are of opinion that the charter did not require it to do so.

By the charter, appeals from the award of the commissioners are limited to the question of damages, and appellant's appeal was limited to that question, and did not raise or attempt to raise any question as to the regularity or sufficiency of the prior proceedings, and no such question is involved herein. Rheiner v. Union Depot, St. Ry. & T. Co. 31 Minn. 289, 17 N. W. 623; 1 Dunnell, Minn. Dig. § 3110. See also Dressen v. Board of Co. Commrs. of Nicollet County, 76 Minn. 290, 79 N. W. 113; Mundwiler v. Bentson, 128 Minn. 69, 150 N. W. 209; Minneapolis, St. P. R. & D. Ele. T. Co. v. St. Martin, 108 Minn. 494, 122 N. W. 452; Minneapolis, St. P. R. & D. Ele. T. Co. v. Grimes, 128 Minn. 321, 150 N. W. 180, 906.

The appeal to this court did not bring the entire condemnation proceeding before this court for review, but only the judgment fixing the amount of appellant's damages; and no question as to whether the condemnation proceeding was brought in the proper manner, or as to whether the city had properly directed the bringing of the same, is before us. The only questions for review are those relating to appellant's damages. The only question involved, aside from that bearing upon the amount of damages, is whether the charter conferred power to take the property for the taking of which the award was made. If power to take the property be lacking, power to award damages for taking it is also lacking. County of Ramsey v. Stees, 28 Minn. 326, 9 N. W. 879; Pfaender v. Chicago & N. W. Ry. Co. 86 Minn. 218, 90 N. W. 393, 1133. And we think appellant may raise the question as to whether the charter conferred power to take the property and make the assessment and award in controversy, notwithstanding the fact that, if the charter confers

such power, appellant is not in position to attack the regularity or sufficiency of the proceedings instituted for the purpose of exercising the power.   Bomsta v. Nelson, 137 Minn. 165, 163 N. W. 135.

Appellant contends that the land in question has already been devoted to a public use, and invokes the rule that property already devoted to one public use cannot be taken for another public use, unless the power to take it for the second use has been expressly given, or is necessarily implied in the power expressly given.   The rule invoked exempts from condemnation, under a mere general power to condemn, property previously appropriated to another public use which has been actually put to such prior use, but does not exempt from condemnation property which has not been actually put to the prior public use, at least unless it be shown that the property is in fact needed for the prior public use and that effective measures are being taken to apply it thereto without undue delay.   10 R. C. L. 201, § 170.   Cases bearing upon this question are collated in a note at 24 L.R.A.(N.S.) 383, and from these cases the annotator draws the following conclusion: "It seems to be the universal rule that property, although previously condemned or purchased for a public use, but which never has been put to such use, or has ceased to be so used, is subject to condemnation the same as property of a private individual."   That the rule is limited as above stated has frequently been recognized by this court.   St. Paul Union Depot Co. v. City of St. Paul, 30 Minn. 359, 15 N. W. 684; In re St. Paul & N. Pac. Ry. Co. 34 Minn. 227, 25 N. W. 345; Minneapolis Western Ry. Co. v. M. & St. L. Ry. Co. 61 Minn. 502, 63 N. W. 1035; Northwestern Tel. Exch. Co. v. Chicago, M. & St. P. Ry. Co. 76 Minn. 334, 79 N. W. 315; Independent School Dist. of Virginia v. State, 124 Minn. 271, 144 N. W. 960.

Appellant acquired 250 acres of land at the north edge of the city and subdivided it into small parcels of varying size.   Only a small part of the tract has been subdivided into burial lots or actually appropriated to cemetery purposes.   Several parcels, each containing 4 or more acres, have been sold as sites for country or suburban residences.   How much of the remainder is held for sale, and how much is held with a view of appropriating it to cemetery purposes in the future does not appear.   The land in controversy adjoins a reservoir of the city and is

located at the east edge of the tract some distance from the land which has been actually appropriated to cemetery purposes, and is not shown to be needed for such purposes. So far as appears appellant will still have more land suitable and available for cemetery purposes than is necessary for any contemplated increase in the size of its cemetery, and more than it has any expectation of devoting to cemetery purposes. We are of opinion that appellant has failed to bring itself within the protection of the rule which it invokes, and that the land is subject to condemnation for the use of the city waterworks.

Appellant also insists that the court adopted a wrong rule for determining the amount of its damages. This contention is based upon the fact that two of the commissioners, who were witnesses for the city, in answer to questions upon cross-examination stated that they made their estimate of value without taking into account the value of the land for reservoir or cemetery purposes. In their direct examination they had given their estimate of the value of the land, "for any and all purposes for which the same could be used or was available," and after making the answers upon which appellant relies gave further testimony to the effect that in their opinion the availability of the land for cemetery or reservoir purposes did not add materially to its value. The cross-examination and redirect examination drew out something of the mental process by which these witnesses arrived at their estimates; but, whatever effect it might have upon the weight to be given to their testimony, it fails to show that the court "did not adopt the correct basis of value, viz., what the property would have sold for, as between one who wanted to buy and one who wanted to sell." State v. Brill, 58 Minn. 152, 59 N. W. 989.

We find no reversible errors in the record and the judgment is affirmed.